# Anapol Schwartz
### ATTORNEYS AT LAW

James R. Ronca, Esquire
252 Boas Street
Harrisburg PA  17102
jronca@anapolschwartz.com

(717) 901-3500 Direct Dial
(717) 909-0300 Direct Fax

1710 Spruce Street
Philadelphia, PA 19103

1040 Kings Highway North
Suite 304
Cherry Hill, NJ 08034

252 Boas Street
Harrisburg, PA 17102

146 North 6th Street
Reading, PA 19601

8700 E Vista Bonita Dr.
Scottsdale, AZ 85255

866-735-2792 Toll Free

www.AnapolSchwartz.com

June 17, 2013

*By email to Chambers*

Honorable Cathy Seibel
United States District Judge
Hon. Charles L. Brieant Jr. Federal
   Building and United States Courthouse
300 Quarropas Street
White Plains, NY  10601-4150
In re:  **Mirena IUD Products Liability Litigation**
         **No.  13-MD-2434 (CS)**
         *This Document Relates to All Actions*

Dear Judge Seibel:

     In accordance with the procedure that the Court directed at the May 17, 2013 initial conference, we respectfully submit (in Microsoft Word 2010) a proposed Order appointing a Plaintiffs' Steering Committee ("PSC") and adopting various case management and common benefit work and expense protocols.

     **A**. **Proposed Plaintiffs' Steering Committee.**  Pursuant to Order No. 4 entered on May 22, 2013 (Doc. 103), the Court directed the Plaintiffs' Co-Lead and Liaison Counsel, who were appointed by that Order, to submit by June 17, 2013

1. their proposal for the Court's appointment of a PSC, and the proposed composition thereof;

2. whether the proposed nominees for appointment to such committee reflect a consensus of the attorneys representing all known Plaintiffs in or anticipated to be consolidated with this multidistrict litigation ("MDL") or, if they do not, shall provide the Court with

    (i) a list of all those attorneys who seek appointment to such committee,
    (ii) the attorneys' credentials, and
    (iii) a proposed procedure for the Court's selection of committee members.

Honorable Cathy Seibel
June 17, 2013
**In re Mirena IUD Product Liability Litigation**
No. **13-MD-2434 (CS)**
Page 2

In order to try to achieve consensus, Co-Lead and Liaison Counsel took the following steps. As the Court is aware, a meeting was held of interested counsel the day before the first status conference in White Plains, New York. All known plaintiffs' counsel were invited to that meeting. Attorneys from 26 law firms attended that meeting. A list of those attending is set forth below as Addendum A. Most, if not all of these law firms were represented at the status conference held May 17, 2013.

After receipt of the Court's Order No. 4 on May 22, 2013, a second meeting was set up in New York at the offices of Liaison Counsel, to discuss the size and make-up of a proposed PSC and seeking consensus on the procedure by which the Co-Lead and Liaison Counsel would submit nominees to the Court.

On May 29, 2013, Liaison Counsel sent an e-mail invitation to all known plaintiffs' counsel, advising of a June 7, 2013 at the New York City offices of Seeger Weiss LLP. On June 4, 2013, Co-lead Counsel James Ronca sent a detailed e-mail concerning the meeting to all known plaintiffs' counsel, detailing the criteria that Co-lead and Liaison Counsel would consider in making recommendations to the Court. We believe that the information in that latter email is privileged work product that should not be distributed to Defendants, but we will provide the Court copies of the email for review *in camera* if the Court so desires. Some of the non-privileged criteria included the number of Mirena personal injury cases filed, as well as cases in firm's inventories but not filed in court, experience, and ability to contribute to a common benefit fund. No objections, comments, or additions were communicated to Co-Lead/Liaison Counsel regarding these criteria. At the time, we had received interest from 34 law firms about serving on a PSC.

The meeting was held on June 7, 2013, and was attended by attorneys from 25 law firms. A list of the attendees is set forth below as Addendum B. Two law firms that were interested in a PSC position could not attend but sent written materials. At the meeting, the first order of business was to agree to a procedure by which recommendations for nomination to the PSC would be made by Co-Lead and Liaison Counsel. In addition, discussion was had regarding the provision in Order No. 4 that directed "Plaintiffs' Co-Lead and Liaison Counsel [to] advise the Court whether the proposed nominees for appointment to such committee reflect a consensus of the attorneys representing all known Plaintiffs in or anticipated to be consolidated with this [MDL] or, if they do not, [to] provide the Court with (i) a list of all those attorneys who seek appointment to such committee, (ii) the attorneys' credentials, and (iii) a proposed procedure for the Court's selection of committee members."

To that end, after discussion the following consensus was reached:

1.     The leadership will submit recommendations concerning the PSC's membership to the Court;

Honorable Cathy Seibel
June 17, 2013
**In re Mirena IUD Product Liability Litigation**
No. **13-MD-2434 (CS)**
Page 3

> 2. To assist the leadership in setting forth those recommendations, the following were be submitted to Co-lead and Liaison Counsel by the end of the day on Monday, June 10, 2013:
>
>> a. a cover letter addressing the criteria posed in Mr. Ronca's June 4, 2013 e-mail; and
>>
>> b. a 2-page biography or resume setting forth the candidate's relevant background and experience.
>
> 3. By Thursday, June 13, 2013, the leadership would circulate the PSC recommendations that it intends to submit to the Court.
>
> 4. It was agreed that if anyone objected to the proposed recommendations, the leadership would be advised of the objection within 24 hours (*i.e.*, by close of business on Friday, June 14) and before any independent application is submitted to the Court so, if necessary, further discussions could be held.
>
> 5. On Monday, June 17, 2013, pursuant to the Court's Order, the leadership would submit to the Court the names of the proposed PSC members, and also advise it as to the process pursuant to which those nominees were selected. as
>
> 6. If anyone having advised of an interest in a PSC position were not recommended, they could file a separate request to the Court, setting forth their qualifications (not to exceed 3 pages), no later than 7 days before the next scheduled status conference on July 2, 2013 (*i.e.*, by June 25, 2013), explaining to the Court why they think they should be included on the PSC. It was further agreed that this written application would be the only submission by a candidate to the Court, so that the Court is not deluged with a plethora of applications, responses, objections, replies, sur-replies, and so forth, and that no candidate would seek to make an oral presentation to the Court on this issue.
>
> 7. In addition, it was agreed that Co-Lead/Liaison Counsel may provide the Court with justification for their selection of nominees. Finally, after discussion and adoption of this procedure, everyone was invited to make a short oral presentation in support of their consideration for a PSC nomination.

All who attended the June 7 meeting agreed to this procedure. There was no dissent or objection. This procedure was set forth in a confirmatory e-mail to all known Plaintiffs' counsel that was sent on the evening of June 7. No objections or comments were received.

A total of 21 attorneys or law firms submitted requests for PSC consideration in accordance with the agreed procedure. The Co-Lead/Liaison Counsel reviewed each submission, considered the statements made at the June 7 meeting, met and conferred, and selected the following 13 attorneys (listed alphabetically by surname) to be recommended to the Court for appointment to a PSC:

Honorable Cathy Seibel
June 17, 2013
**In re Mirena IUD Product Liability Litigation**
No. **13-MD-2434 (CS)**
Page 4

1. Rachel Abrams (Levin Simes LLP)
2. Richard Arsenault (Neblett, Beard & Arsenault)
3. Dawn Chmielewski (Climaco, Wilcox, Peca, Tarantino & Garofoli Co., LPA)
4. Steve Faries (Dave Matthews)
5. Yvonne Flaherty (Lockridge, Grindal, Nauen P.L.L.P.)
6. Catherine Heacox (The Lanier Law Firm)
7. Eric Holland (Holland Groves Schneller & Stolze)
8. Michael Johnson (Johnson Becker PLLC)
9. Randi Kassan (Sanders, Viener, Grossman LLP)
10. Shelly Kaufman (Geragos and Geragos)
11. Fred Longer (Levin, Fishbein, Sedran & Berman)
12. Dianne Nast (NastLaw LLC)
13. Roger Smith (Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.)

These 13 recommendations are accordingly submitted for the Court's consideration. Copies of the biographical materials that these individuals submitted to us have been compiled into a single document, which is being submitted with this letter and the proposed Order.

In making these recommendations, Co-Lead and Liaison Counsel relied upon the biographical information supplied by the 21 applicants,[1] as well as their knowledge of applicant based on experience with them in other litigations. We believe that this proposed make-up of the PSC will best serve the interests of all plaintiffs in this MDL, and we stand ready to address these nominations at the upcoming status conference if the Court has not resolved the issue of PSC appointment by that date.

Moreover, in deliberating over what would be a suitable number of members for this prosed PSC, Co-Lead and Liaison Counsel considered the following:

1. The estimated out-of-pocket shared costs for this litigation are almost certain to exceed $100,000 per law firm, and a similar amount is likely to be expended for "held" costs. ("Held" costs and "shared" costs are defined in the proposed guidelines for common benefit expenses set forth below and in the proposed Order.) A lesser number of PSC member firms would likely impose too much of a financial burden on the few firms appointed.

---

[1] The 13 nominees' biographical materials have been compiled into a single document, which is being submitted with this letter and the proposed Order.

Honorable Cathy Seibel
June 17, 2013
**In re Mirena IUD Product Liability Litigation**
No. **13-MD-2434 (CS)**
Page 5

      2. The estimated number of documents to be reviewed will exceed 10 million pages. A reasonable estimate is that it would take 34 reviewers more than 9 months working full time to perform a primary review of this many pages. Therefore, if the steering committee were too small, the amount of time needed for completion of document review would be too long and burdensome

As to the number of nominees, Co-Lead and Lead Counsel believe that a 13-member PSC is neither too small nor too large and, notably, is consistent with recent PSC appointments in other MDLs. For example, in *In re Trasylol Products Liability Litigation*, MDL No. 1928 (S.D. Fla.), the district court appointed a PSC of 16 members (including lead and liaison counsel), and in *In re Zimmer NexGen Knee Implant Products Liability Litigation*, MDL No. 2272 (N.D. Ill.), the district court appointed a 19-member PSC. We believe that a 13-member PSC is the right number to enable the plaintiffs' side to effectively handle the generic aspects of this litigation.

As noted above, the plaintiffs' counsel who met at Liaison Counsel's offices on June 7 concurred that anyone who was dissatisfied with the proposed PSC slate would (1) notify CO-Lead/Liaison Counsel by Friday June 14, 2013 (within 24 hours) of any objection to the proposed list of nominees and (2) have until one week before the next status conference to submit their own application. No objections have been received as time this letter was sent, long after the 24 hour period. Nevertheless, we respectfully propose that the Court allow until June 25, 2013 for any other interested candidates to submit a written applications (which, as noted above, all have agreed should not exceed 3 pages), after which time the Court proceed to choose the composition of a PSC.

Finally, in Order No. 4, the Court also directed, in the event that Plaintiffs' Co-Lead and Liaison Counsel deem the creation of a Plaintiffs' Executive Committee necessary, to "submit a similar proposal, additionally setting forth the reasons as to why a formal Executive Committee would be required, and what its responsibilities and duties would be beyond those of Plaintiffs' Co-Lead Counsel and Plaintiffs' Steering Committee." Because we do not, at the present time, know the number of members and composition of a PSC, we respectfully request that the Court defer any consideration of an Executive Committee until such time as the PSC makes a formal request for creation of such a structure.

**B. Protocols for Case Management, Fees, and Expenses**

In Order No., the Court also directed that:

Plaintiffs' Co-Lead and Liaison Counsel . . . submit a proposed structure applicable to Plaintiffs' Co-Lead and Liaison Counsel, Plaintiffs' Steering Committee, and – if sought – Plaintiffs' Executive Committee, for dividing the responsibilities and tasks necessary to the advancement of this MDL that will avoid unnecessary duplication of work and overstaffing. The proposed structure shall also include the following: (i) guidelines for billable time reporting, including required time increments and associated narrative descriptions; (ii) guidelines for and

Honorable Cathy Seibel
June 17, 2013
**In re Mirena IUD Product Liability Litigation**
No. **13-MD-2434 (CS)**
Page 6

>  limitations on Common Benefit expenses, such as travel, photocopies, phone/fax/overnight delivery expenses, electronic legal research costs, expert witnesses, and court reporters for depositions; and (iii) guidelines for the staffing of case-specific tasks, such as depositions, conference calls, and Court conferences, including proposed limitations on the number of attorneys preparing for and present at such tasks.

To that end, in the accompanying proposed Order, Co-Lead and Liaison counsel also propose protocols for (i) the duties and responsibilities of Co-Lead, Liaison Counsel, and the PSC; (ii) guidelines for what will qualify as Common Benefit Work that would be eligible for an award of common benefit attorney's fees at a future date; and (iii) procedures and limitations regarding common benefit expenses, the creation of a Common Benefit Fund for payment of limited generic costs ("shared" costs) and for costs carried by individual firms ("held" costs).

These proposed guidelines and protocols are almost identical to those approved in the *Trasylol* and *Zimmer NexGen Knee* Implant MDLs. At least 8 of the nominee firms that would serve on the propose PSC are familiar with these procedures and protocols, having served on steering committees on one of those two cases. The proposed provisions are also similar to orders in other cases and is consistent with the *Manual for Complex Litigation, Fourth* and comports with ethical rules.

We thank the Court for its consideration of these matters.

 Respectfully,

 ANAPOL SCHWARTZ

 James R. Ronca
 Plaintiffs' Co-Lead Counsel

SEEGER WEISS LLP                               PARKER WAICHMAN LLP
*/s/ Diogenes P. Kekatos*                      */s/ Matthew J. McCauley*
Diogenes P. Kekatos                            Matthew J. McCauley
Liaison Counsel                                Plaintiffs' Co-Lead Counsel

MOTLEY RICE LLC
*/s/ Fred Thompson III*
Fred Thompson III
Plaintiffs' Co-Lead Counsel

Honorable Cathy Seibel
June 17, 2013
**In re Mirena IUD Product Liability Litigation**
No. **13-MD-2434 (CS)**
Page 7

Enclosures (2) (proposed Order and counsel's biographies)

cc: *All by email and with enclosures*

      All Plaintiffs' Counsel
      Shayna Cook, Esq.
      James Shepherd, Esq.
      Marie S. Woodbury, Esq.

**Addendum A**

(List of attendees at May 16, 2013 meeting of Plaintiffs' counsel in White Plains, NY)
1. Lockridge, Grindal, Nauen (Minneapolis) – Elizabeth Peterson
2. NastLaw  (Lancaster, PA) – Dianne Nast, Dan Gallucci
3. Levin, Simes (San Francisco) – Rachel Abrams
4. Holland Groves (St. Louis) – Eric Holland
5. Maher Law Firm (Chicago) – Steve Maher
6. Spangenberg, Shibley and Liber (Cleveland) – Peter Broadhead, Rhonda Baker-Debevec
7. Motley Rice (Mount Pleasant, SC) – Fred Thompson, Carmen Scott
8. Mathews and Associates (Houston) – Steve Faries
9. Rheinhold Valet (New York) Paul Rheingold, David Rheingold
10. Gurfein, Douglas (New York) – Elise Alpert
11. Aylstock, Witkin, Kreis and Overholtz (Pensacola, FL) – Nate Bess
12. Farmer, Jaffe, Weissing, Edwards, Fistos and Lehrman (Fort Lauderdale, FL) – Gabe Zambrano
13. Beasley Allen (Montgomery, AL) – Roger Smith
14. Jones Ward (Louisville KY) – Larry Jones
15. Neblett, Beard and Arsenault (Alexandria LA) – Richard Arsenault, LaToya Burrell
16. Johnson Becker (Minneapolis) – Michael Johnson
17. Climaco, Wilcox, Peca, Tarantino, and Garofoli (Cleveland) – Dawn Chmielewski
18. Sanders, Viener, Grossman (New York) – Marc Grossman, Randi Kassan
19. Parker Waichman (New York) – Matt McCauley
20. Seeger Weiss (New Jersey, New York) Dion Kekatos, Chris Seeger
21. Anapol Schwartz (Philadelphia) – James Ronca, Greg Spizer
22. Levin Fishbein (Philadelphia) – Fred Longer
23. Bernstein Liebhard (New York) –  Jeffrey Grand
24. Oliver Law Group (Rochester, MI) – Alyson Oliver
25. Lynch, Daskal, Emery (New York) – Golriz Shai-Naini
26. Lanier Law Firm (Houston, New York) – Richard Meadow

**Addendum B**

(List of attendees at June 7, 2013 meeting of Plaintiffs' counsel in New York, NY)

1. Lockridge, Grindal, Nauen (Minneapolis) – Yvonne Flaherty
2. Nast Law Firm  (Lancaster, PA) – Dan Gallucci
3. Levin, Sines (San Francisco) – Rachel Abrams
4. Spangenberg, Shibley and Liber (Cleveland) –  Rhonda Baker-Debevec
5. Motley Rice (Mount Pleasant, SC) – Fred Thompson, Carmen Scott
6. Mathews and Associates (Houston) – Steve Faries
7. Rheinhold Valet (New York) – David Rheingold
8. Beasley Allen (Montgomery, AL) – Roger Smith
9. Neblett, Beard and Arsenault (Alexandria LA) – LaToya Burrell
10. Johnson Becker (Minneapolis) – Michael Johnson
11. Climaco, Wilcox, Peca, Tarantino, and Garofoli (Cleveland) –John Peca
12. Sanders, Viener, Grossman (New York) – Marc Grossman, Randi Kassan
13. Parker Waichman (New York) – Matt McCauley
14. Seeger Weiss (New Jersey, New York) – Dion Kekatos, Chris Seeger, David Buchanan
15. Anapol Schwartz (Philadelphia) – James Ronca, Greg Spizer
16. Levin Fishbein (Philadelphia) – Fred Longer
17. Oliver Law Group (Rochester, MI) – Alyson Oliver
18. Lynch, Daskal, Emery (New York) – Golriz Shai-Naini
19. Lanier Law Firm (Houston, New York) – Katherine Heacox
20. Lieff Cabraser (San Francisco) – Wendy Fleischman
21. Cohen, Placitella and Roth (New Jersey, Philadelphia) – Michael Coren
22. Will Nestor (Elkins WV)
23. Blizzard and Nabors (Houston) – Sophia Bruera
24. Geragos and Geragos (Los Angeles) – Aja Matelyan