UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x

IN RE:                                                          **ORDER NO. 5**
                                                          **(Organization of Plaintiffs'**
MIRENA IUD PRODUCTS LIABILITY LITIGATION              **Counsel, Protocols for Common**
                                                          **Benefit Work and Expenses)**
*This Document Relates To All Actions*
-----------------------------------------------------------------------x              13-MD-2434 (CS)


<u>Seibel, J.</u>

        The Court has received an application for appointment of Plaintiffs' Steering Committee

from Plaintiff's Liaison Counsel.  (Doc. 193.)  Having carefully reviewed all of the submissions,

upon discussion of the applications during this Court's case management conference of July 2,

2013, and there being no opposition from counsel for any known Plaintiff, the Court hereby

APPOINTS the following as Plaintiffs' Steering Committee ("PSC"):

        Rachel Abrams (Levin Simes LLP)

        Richard Arsenault (Neblett, Beard & Arsenault)

        Dawn Chmielewski (Climaco, Wilcox, Peca, Tarantino & Garofoli Co., LPA)

        Steve Faries (Matthews & Associates)

        Yvonne Flaherty (Lockridge, Grindal, Nauen P.L.L.P.)

        Catherine Heacox (The Lanier Law Firm)

        Eric Holland (Holland Groves Schneller & Stolze)

        Michael Johnson (Johnson Becker PLLC)

        Randi Kassan (Sanders, Viener, Grossman LLP)

        Shelly Kaufman (Geragos and Geragos)

        Fred Longer (Levin, Fishbein, Sedran & Berman)

        Dianne Nast (NastLaw LLC)

        Roger Smith (Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.)

## I.  <u>ORGANIZATION OF PLAINTIFFS' COUNSEL</u>

The application also addressed the way in which Plaintiffs' counsel should be organized, and enumerated the specific duties to be undertaken by Plaintiffs' Lead counsel, Plaintiffs' liaison counsel, and PSC.  After review of the application and the proposed order, and after discussion at the July 2, 2013 case management conference, the Court hereby ORDERS as follows:

    *A.  Lead Counsel*

In its May 22, 2013 Order (Doc. 103), the Court appointed Plaintiffs' Lead Counsel and Liaison Counsel as follows:

> James R. Ronca – Plaintiffs' Co-Lead Counsel
> Fred Thompson – Plaintiffs' Co-Lead Counsel
> Matthew J. McCauley – Plaintiffs' Co-Lead Counsel
> Diogenes P. Kekatos – Plaintiffs' Liaison Counsel

Lead Counsel will be responsible for prosecuting any potential common benefit claims, as well as coordinating the pretrial proceedings conducted by counsel for the individual Plaintiffs.  With respect to the common benefit claims and coordinated pretrial proceedings, Lead Counsel must:

1. determine (after such consultation with members of the PSC and other co-counsel as may be appropriate) and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of the Plaintiffs on matters arising during the coordinated pretrial proceedings;

2. coordinate the initiation and conduct of discovery on behalf of the Plaintiffs consistent with the requirements of Fed. R. Civ. P. 26, including the preparation of joint interrogatories and requests for production of documents and the examination of witnesses in depositions, except that discovery and motions initiated by the

Defendants directed to or regarding named individual Plaintiffs will be handled by the attorney(s) for those individuals;

3.  delegate specific tasks to other counsel in a manner to ensure that pretrial preparation for the Plaintiffs is conducted effectively, efficiently and economically;

4.  enter into stipulations with opposing counsel necessary for the conduct of the multi-district litigation ("MDL");

5.  convene meetings of the PSC for the purpose of proposing joint action and discussing and resolving matters of common concern;

6.  organize themselves and agree on a plan for conducting the MDL on behalf of all Plaintiffs;

7.  assess members of the PSC payments into a Common Benefit "Shared Cost" Fund ("shared cost" being defined below), collect payments, maintain an account, pay generic expenses in accordance with this order, and account to the PSC and the Court upon request as to the collection and use of such funds;

8.  brief and argue motions for the Plaintiffs and file opposing briefs and argue motions and proceedings initiated by other parties (except as to matters specifically directed to individual Plaintiffs and their counsel);

9.  consult with and employ expert witnesses;

10. maintain time and expense records for work performed, costs incurred and other disbursements made for any potential common benefit claim, proof of potential common benefit claims, and related matters on behalf of the PSC, and report with reasonable regularity, in writing, to the PSC concerning expenses, disbursements and receipts;

11. monitor work performed by the PSC and those whose work it has specifically authorized;

12. perform all tasks necessary to carry out the functions of Lead Counsel and to properly coordinate Plaintiffs' pretrial activities;

13. authorize Plaintiffs' counsel to initiate case-specific motions and discovery;

14. negotiate settlements subject to court approval on behalf of Plaintiffs;

15. if there is a settlement, propose a plan of allocation;

16. prepare and distribute to the parties periodic status reports; and

17. coordinate and communicate with Defendants' counsel with respect to the matters addressed in this paragraph.

No generic discovery or other common action or work in this litigation will be undertaken on behalf of the PSC except at the direction or with permission of Lead Counsel; provided, however, that any attorney aggrieved by any refusal of permission may seek Court review of the refusal.

B. *Liaison Counsel*

Liaison Counsel shall maintain an up-to-date service list of all Plaintiffs' attorneys involved in this MDL, and shall be the point of contact between the Court and the Court-appointed Plaintiffs' leadership. Liaison Counsel shall ensure that all Orders entered by this Court and all papers filed by the Defendants are timely distributed to all Plaintiffs' counsel in the MDL and that all papers filed by the Court-appointed Plaintiffs' leadership in this MDL are timely distributed to counsel for the Defendants. In addition, Liaison Counsel shall assume any other duties delegated by Lead Counsel.

C. *Plaintiffs' Steering Committee*

The duties and responsibilities of the PSC are as follows. The PSC shall:

1. from time to time consult with Plaintiffs' Lead Counsel in conducting the Plaintiffs' coordinated pretrial activities and in planning for trial;

2. establish procedures for documenting and monitoring costs and the computing of potential common benefit time;

3. consult the *Manual for Complex Litigation, Fourth* ("*Manual*") to consider recommendations and formation of internal committees (*e.g.*, Law, Discovery,

4

Science, Briefing, Experts, and Trial), on which attorneys who are not designated as PSC members will have the opportunity to serve and have input in the litigation through the committee.  Consistent with section 10.22 of the *Manual*, counsel appointed to leadership positions assume "an obligation to act fairly, efficiently, and economically" and "committees of counsel . . . should try to avoid unnecessary duplication of effort";

4. contribute to the Common Benefit Fund for "shared costs" (as defined below); and

5. otherwise assist Lead Counsel in the their discharge of the following duties and responsibilities:

   a) determining and presenting (in briefs, oral argument, or such other fashion as may be appropriate) to the Court and opposing parties the Plaintiffs' position on matters arising during coordinated pretrial proceedings;

   b) coordinating the initiation and conduct of discovery on behalf of the Plaintiffs consistent with the requirements of Fed. R. Civ. P. 26, including the preparation of joint interrogatories and requests for production of documents and the examination of witnesses in depositions, except that discovery and motions initiated by Defendants directed to or regarding named individual plaintiffs will be handled by the attorney for those individuals;

   c) delegating specific tasks to other counsel in a manner to ensure that coordinated pretrial preparation for the Plaintiffs is conducted effectively, efficiently and economically;

   d) entering into stipulations with opposing counsel necessary for the conduct of the MDL;

   e) organizing themselves and agreeing on a plan for conducting the MDL on behalf of all Plaintiffs;

   f) briefing and arguing motions for the Plaintiffs and filing opposing briefs and arguing motions and proceedings initiated by other parties (except as to matters specifically directed to individual plaintiffs and their counsel);

   g) consulting with and employing expert witnesses;

h) convening meetings of Plaintiffs' counsel to consult on matters of common concern;

i) maintaining time and expense records for work performed, costs incurred, and other disbursements made for any potential common benefit claim, proof of potential common benefit claims, and related matters on behalf of the PSC;

j) monitoring work performed by PSC members and those whose work the PSC has specifically authorized;

k) properly coordinating Plaintiffs' pretrial activities;

l) authorizing Plaintiffs' counsel to initiate case specific motions and discovery;

m) negotiating settlements subject to court approval on behalf of Plaintiffs;

n) if there is a settlement, proposing a plan of allocation;

o) preparing and distributing to the parties periodic status reports; and

p) coordinating and communicating with Defendants' counsel with respect to the aforementioned matters.

## II.   ADOPTION OF CASE MANAGEMENT PROTOCOLS

The Court hereby adopts the following guidelines for the management of case-staffing, timekeeping, cost reimbursement, and related common benefit issues.  The recovery of common benefit attorneys' fees and cost reimbursements will be limited to "Participating Counsel." "Participating Counsel" shall be defined as the members of the PSC (along with members and staff of their firm), any other counsel authorized by Lead Counsel who desire to be considered for common benefit compensation, or counsel who have been specifically approved by this Court as Participating Counsel prior to incurring any such cost or expense.  Counsel are forewarned that no application for approval to incur common benefit fees, costs, or expenses will be considered by this Court unless counsel have first obtained approval from Lead Counsel.

Participating Counsel shall be eligible to receive common benefit attorneys' fees and reimbursement of costs and expenses only if the time expended, costs incurred, and activity in question were (a) for the common benefit of Plaintiffs; (b) appropriately authorized; (c) timely

submitted; (d) reasonable; and (e) approved by this Court.  As detailed below in Parts II.A &

II.B, Participating Counsel who seek to recover Court-awarded common benefit attorneys' fees,

costs, and expenses in connection with this litigation shall keep a daily, contemporaneous record

of their time and expenses, noting with specificity the amount of time, billing rate, and particular

activity, along with a brief note indicating the source of authorization for the activity in question.

Participating Counsel, as defined above, shall agree to the terms and conditions herein,

including submitting to this Court's jurisdiction and agreeing that this Court has plenary

authority regarding the award and allocation of common benefit attorneys' fees and awards for

cost and expense reimbursements in this matter.

A.  *COMMON BENEFIT WORK*

1.  Authorization for Compensable Common Benefit Work

Authorized "Common Benefit Work" includes assignments made by Lead Counsel as set

forth above.  Unless specifically and explicitly authorized in writing, no time spent on

developing or processing individual issues in any case for an individual client (claimant), and no

time spent on any unauthorized work, will be considered or should be submitted.

Examples of authorized and unauthorized work include, but are not limited to:

a)  Depositions:  While it is impracticable to impose inflexible rules to cover every
conceivable situation, Lead Counsel shall exercise discretion, judgment, and
prudence to designate only that number of attorneys to participate in any given
deposition that is commensurate with the nature of that deposition so as to avoid
over-staffing.  Thus, for example, the deposition of a causation expert proffered
by Defendants would typically justify the assignment of more attorneys than
would the defense of the deposition of one of Plaintiffs' fact witnesses.  Time and
expenses for Participating Counsel not designated as one of the authorized
questioners or otherwise authorized to attend the deposition by Lead Counsel
shall not be considered Common Benefit Work but, rather, considered as

attending on behalf of such counsel's individual clients.  Unnecessary attendance by counsel may not be compensated in any fee application to the Court.

b)  <u>Periodic PSC Conference Calls and PSC meetings</u>:  Calls are held so that individual attorneys are kept up-to-date on the status of the litigation, and participation by listening to such calls is not common benefit work.  All attorneys have an obligation to keep themselves informed about the litigation so that they can best represent their respective clients, and that is a reason to listen in on those calls.  The attorneys designated by Lead Counsel to run or participate in those calls are working for the common benefit by keeping other attorneys educated about the litigation and their time will be considered for common benefit.  During such telephone or conference calls and at PSC meetings, there is a presumption that only the PSC member's time will qualify for common benefit time, unless non-PSC member participation is requested by the PSC member and expressly authorized for each call or meeting by Lead Counsel.

c)  <u>Periodic MDL Status Conferences</u>:  Status conferences will be held so that the litigation moves forward and legal issues are resolved with the Court.  Individual attorneys are free to attend any status conference held in open court in order to stay up to date on the status of the litigation, but attending and listening to such conferences is not Common Benefit Work.  All attorneys have an obligation to keep themselves informed about the litigation so that they can best represent their respective clients.  Mere attendance at a status conference will not be considered common benefit time, and expenses incurred in relation thereto will not be considered common benefit expenses.  The attorneys designated by the Lead Counsel to address issues that will be raised at a given status conference or requested by the Lead Counsel to be present at a status conference are working for the common benefit and their time will be considered for the common benefit.  Similarly, any attorney whose attendance at a status conference is specifically requested by the undersigned or by Magistrate Judge Smith (or by a Court-appointed Special Master) to address a common issue may submit his or her time for evaluation as common benefit time.

d) <u>Identification and Work-Up of Experts</u>:  If a Participating Counsel retains an expert without the knowledge and approval of Lead Counsel, time and expenses attributable to the same may not be approved as Common Benefit Work, or the expenses pertaining thereto as Common Benefit Expenses.

e) <u>Attendance at Seminars</u>:  Attendance at seminars (*e.g.*, American Association for Justice Section Meetings, Mass Torts Made Perfect, Harris Martin, and similar seminars and Continuing Legal Education programs) shall not qualify as Common Benefit Work, or the expenses pertaining thereto as Common Benefit Expenses.

f) <u>Document Review</u>:  Only document review specifically authorized by Lead Counsel and assigned to an attorney will be considered Common Benefit Work. If an attorney elects to review documents that have not been assigned to that attorney by Lead Counsel, that review is not considered common benefit.  Unless approved in writing by Lead Counsel, only licensed attorneys may conduct common benefit document review.  Descriptions associated with "document review" must contain sufficient detail to allow those reviewing the time entry to generally ascertain what was reviewed.  For example, indicating the custodian, search query, or number of document folders reviewed is the kind of description needed.

g) <u>Review of Filings and Orders</u>:   All attorneys have an obligation to keep themselves informed about the litigation so that they can best represent their respective clients, and review of filings made and Orders entered in this litigation is part of that obligation.  Only those attorneys designated by Lead Counsel to review or summarize those filings or Orders for the benefit of all plaintiffs in this MDL are working for the common benefit and their time will be considered for Common Benefit Work.  All other counsel are reviewing those filings and Orders for their own benefit and that of their respective clients and such review will not be considered Common Benefit Work.

h) <u>Emails</u>:  Except for PSC members and their assigned attorneys and staff working on this MDL, time recorded for reviewing emails is not compensable unless germane to a specific task being performed by the receiving or sending attorney or party that is directly related to that email and that is for the common benefit of

plaintiffs.  Thus, for example, review of an email sent to dozens of attorneys to keep them informed on a matter on which they are not specifically working would not be compensable as Common Benefit Work.  All attorneys have an obligation to keep themselves informed about the litigation so that they can best represent their clients and that is a reason to review emails to a larger group, which involves a matter on which the recipient is not directly and immediately working.

   i)   <u>Review of Discovery</u>:  All attorneys have an obligation to keep themselves informed about the litigation so that they can best represent their respective clients, and that is a reason to review discovery served in this litigation.  Except for PSC members, only those attorneys designated by Lead Counsel to review discovery are working for the common benefit and their time accordingly considered Common Benefit Work.  All other counsel are reviewing those discovery responses for their own benefit and the benefit of their own clients, and such review will not be considered Common Benefit Work.

In the event that Participating Counsel are unsure if the action they are about to undertake is considered Common Benefit Work, they shall ask Lead Counsel in advance as to whether such time may be compensable.

   2.   <u>Timekeeping and Submission of Time Records</u>

All time must be accurately and contemporaneously maintained.  Participating Counsel shall keep contemporaneous billing records of the time spent in connection with Common Benefit Work on this MDL, indicating with specificity the hours and billing rate, along with a brief note indicating the source of authorization for the activity in question and a brief description of the particular activity (such as "conducted deposition of John Doe as authorized by [name of Lead Counsel]").  Time submissions shall be made to Lead Counsel on a quarterly basis in accordance with the guidelines set forth herein and using the instructional memorandum and time-keeping form to be distributed by Lead Counsel and which are annexed hereto as Addenda A and B, respectively, so that Lead Counsel may retain those forms for later

submission to this Court if and when necessary.  Time entries that are not sufficiently detailed will not be considered for payment of Common Benefit fees.  All time for Common Benefit Work by each firm shall be recorded and maintained in tenth-of-an-hour increments.  The failure to secure authorization from Lead Counsel to incur Common Benefit time and expenses, or to maintain and timely provide such records or to provide a sufficient description of the activity, will be grounds for denying the recovery of attorneys' fees or expenses in whole or in part.  Lead Counsel must maintain all time submissions in a format so that the Court may review any application for fees not only by lawyer but also by task (*e.g.*, all time spent by anyone on responding to a particular motion or attending or preparing for a particular deposition).

    B.   *COMMON BENEFIT EXPENSES*

       1.  <u>Shared Costs</u>

"Shared Costs" are costs that will be paid out of the PSC Fund administered by Plaintiffs' Lead Counsel.  Each PSC member shall contribute to the PSC Fund at times and in amounts sufficient to cover plaintiffs' expenses for the administration of this MDL.  The timing and amount of each assessment will be determined by Plaintiffs' Lead Counsel, and each assessment will be paid within 30 days as instructed by Plaintiffs' Lead Counsel.  Failure to pay assessments will be grounds for removal from the PSC.  Shared Costs are costs incurred for the common benefit of Plaintiffs in this MDL as a whole.  No client-related costs, save certain costs relating to future cases selected as bellwether cases that will be for the common benefit (*e.g.*, related to liability and causation), shall be considered Shared Costs, unless exceptional circumstances exist and are approved by later order of this Court.  All Shared Costs must be approved by Plaintiffs' Lead Counsel prior to payment.

All costs that meet these requirements and fall under the following categories shall be considered Shared Costs and qualify for submission and payment directly from the PSC Fund:

a) court, filing and service costs related to common issues;

b) deposition and court reporter costs for depositions (excluding those that are client-specific);

c) document depository creation, operation, staffing, equipment and administration;

d) Plaintiffs' Lead Counsel, Liaison Counsel, or PSC administration matters (*e.g.*, expenses for equipment, technology, courier services, long distance, telecopier, electronic service, photocopy and printing, secretarial/temporary staff, etc.);

e) PSC administration matters, such as meetings and conference calls;

f)  legal and accountant fees relating to the PSC Fund;

g) expert witness and consultant fees and expenses for experts whose opinions and testimony would be generic and for the common benefit of a substantial number of cases.  There shall be no reimbursement for case specific experts, except for liability and causation experts in bellwether cases, at the discretion of the PSC;

h) printing, copying, coding, scanning related to the above (out-of-house or extraordinary firm costs);

i) research by outside third-party vendors/consultants/attorneys, approved by Plaintiffs' Lead Counsel;

j) translation costs related to the above;

k) bank or financial institution charges;

l) investigative services, approved by Plaintiffs' Lead Counsel; and

m) Any assessment paid by any member firm of the PSC, including particularly funds used for the creation of the common document depository platform and for retaining generic expert witnesses.

Plaintiffs' Lead Counsel shall prepare and be responsible for distributing reimbursement procedures and the forms associated therewith.  Requests for payments from the PSC Fund for Common Benefit expenses shall include sufficient information to permit Plaintiffs' Lead Counsel and a Certified Public Accountant ("CPA") to account properly for costs and to provide adequate detail to the Court.

2. Held Costs

"Held Costs" are those that will be carried by each attorney in this MDL and reimbursed as and when the PSC determines to do so.  Held Costs are those that do not fall into the above Shared Costs categories but are incurred for the common benefit of all plaintiffs in this MDL. No client-specific costs can be considered Held Costs, other than certain Common Benefit costs relating to future bellwether cases at the discretion of the PSC.  Held Costs shall be recorded in accordance with the guidelines set forth herein and on the form provided as Addendum B hereto. They shall be subject to the following limitations:

     **a)  Travel Limitations**

Only reasonable expenses will be reimbursed.  Except in extraordinary circumstances approved by Lead Counsel, all travel reimbursements are subject to the following limitations:

    i.   <u>Airfare:</u>  Ordinarily, only the price of the lowest available, convenient coach fare seat will be reimbursed.  Business/First Class Airfare will not be reimbursed.  In the event that non-coach air travel is utilized, the attorney shall be reimbursed only to the extent of the lowest available, convenient coach fare, which must be contemporaneously documented.  If non-coach, private or charter travel is elected, the applicant is required to document what the lowest available, convenient coach fare in effect at that time was, and that is all that can be reimbursed.

    ii.   <u>Hotel</u>:  Hotel room charges for the average available room rate of a business hotel, such as the Hyatt, Hilton, Sheraton, Westin, and Marriott hotels, in the city in which the stay occurred, will be reimbursed.  Luxury hotels will not be fully reimbursed but, rather, will be reimbursed at the average available rate of a business hotel.

    iii.   <u>Meals</u>:  Meal expenses must be reasonable.  Expenses that significantly exceed the meal allowances for federal employees may not be approved for reimbursement.  There will be no reimbursement for alcoholic beverages, room service, mini-bar items, or movies.

iv. <u>Cash Expenses</u>:  Miscellaneous cash expenses for which receipts generally are not available (*e.g.*, tips, luggage handling) will be reimbursed up to $50.00 per trip, as long as the expenses are properly itemized.

v. <u>Automobile Rental</u>:  Luxury automobiles rentals will not be fully reimbursed, unless only luxury automobiles are available.  Counsel must submit evidence of the unavailability of non-luxury vehicles.  If luxury automobiles are selected when non-luxury vehicles are available, then the difference between the luxury and non-luxury vehicle rates must be shown on the travel reimbursement form and only the non-luxury rate may be claimed.

vi. <u>Mileage</u>:  Mileage claims must be documented by stating origination point, destination, and total actual miles for each trip.  The rate will be the maximum rate allowed by the Internal Revenue Service.

**b)  Non-Travel Limitations**

i. <u>Long Distance, Conference Call, and Cellular Telephone Charges</u>:  Common Benefit long distance, conference call, and cellular telephone charges must be documented as individual call expenses in order to be compensable.  Copies of the telephone bills must be submitted with notations as to which charges relate to the MDL.  Such charges are to be reported at actual cost.

ii. <u>Shipping, Overnight, Courier, and Delivery Charges</u>:  All claimed Common Benefit shipping, overnight, courier, or delivery expenses must be documented with bills showing the sender, origin of the package, recipient, and destination of the package.  Such charges are to be reported at actual cost.

iii. <u>Postage Charges</u>:  A contemporaneous postage log or other supporting documentation must be maintained and submitted for Common Cenefit postage charges.  Such charges are to be reported at actual cost.

iv. <u>Telefax Charges</u>:  Contemporaneous records should be maintained and submitted showing faxes sent and received.  The per-fax charge shall not exceed $0.50 per page.

v. <u>In-House Photocopy</u>:  A contemporaneous photocopy log or other supporting documentation must be maintained and submitted.  The maximum copy charge is $0.15 per page.

vi.   <u>Computerized Research – Lexis, Westlaw, or Bloomberg</u>:  Claims for Lexis,
Westlaw, Bloomberg, or other computerized legal research expenses should
be in the exact amount charged to the firm and appropriately allocated for
these research services.

**c)   Verification**

The forms detailing expenses shall be certified by an attorney with authority in each firm

attesting to the accuracy of the submissions.  Attorneys shall provide receipts for all expenses.

Credit card receipts (not the monthly statements) are an appropriate form of verification so long

as accompanied by a declaration from counsel that the charge was incurred for the common

benefit. Hotel costs must be proven with the full hotel invoice.  The description of unclaimed

expenses on the invoice may be redacted.

**SO ORDERED.**

Dated: July 10, 2013
        White Plains, New York

_____
        CATHY SEIBEL, U.S.D.J.

Addendum A

## IN RE: MIRENA® PRODUCTS LIABILITY LITIGATION
### QUARTERLY TIME REPORT

Quarter/Date: _____

Firm Name: _____

Categories: 1. PSC Calls/Meetings; 2. PEC Calls/Meetings; 3. Lead/Liaison Duties; 4. Administrative; 5. MDL Status Conf.; 6. Court Appearance; 7. Research; 8. Discovery; 9. Doc Review; 10. Litigation Strategy & Analysis; 11. Dep Prep/Take/Defend; 12. Pleading/Briefs/Pre-trial Motions/Legal; 13. Science; 14. Experts/ Consultants; 15. Settlement; 16. Trial Prep/Bellwether; 17. Trial; 18. Appeal; 19. Miscellaneous (describe)

| Firm ID: | Last Name, First Name: | Professional Level: Partner (P); Associate (A); Contract (C) or Paralegal (PR) | Date of Service: | Category Code: | Category Name: | Detailed Description of Work performed: | Work Assigned by or Approved by: | Billing Rate: | Time Spent (by 0.1, honorarium): | Fees Total: |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | $ |

| Category Name: | Total Time per Category: | Total Fees per Category: |
|---|---|---|
| PSC Calls/Meeting | | |
| PEC Calls/Meeting | | |
| Lead/Liaison Duties | | |
| Administrative | | |
| MDL Status Conf | | |
| Court Appearance | | |
| Research | | |
| Discovery | | |
| Doc Review | | |
| Litigation Strategy & Analysis | | |
| Dep Prep/Take/Defend | | |
| Pleadings/Briefs, Pre-Trial Motions, Legal | | |
| Science | | |
| Experts/Consultants | | |
| Settlement | | |
| Trial Prep/Bellwether | | |
| Trial | | |
| Appeal | | |
| Total: | 0 | $ |

## Certifications:

I believe that the time set above is accurate and that the time expended was spent on common benefit work.

_____
Partner's Signature (E-Signature)          Date

Addendum B

# Mirena IUD Expense Report for _____

Law Firm _____

Last Name, First Name: _____

Quarter/Date: _____

**Categories: 1.** Assessment Fees **2.** Federal Express / Local Courier, etc. **3.** Postage Charges **4.** Facsimile Charges **5.** Long Distance **6.** In-House Photocopying **7.** Outside Photocopying **8.** Hotels **9.** Meals **10.** Mileage **11.** Air Travel **12.** Deposition Costs/ Expert Witness/Other **13.** Lexis/Westlaw **14.** Court Fees **15.** Witness / Expert Fees **16.** Investigation Fees / Service Fees **17.** Transcripts **18.** Ground Transportation (ie. Rental) **19.** Miscellaneous (Describe)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*ALL ORIGINAL RECEIPTS MUST BE ATTACHED TO THIS EXPENSE SHEET\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| Date: | Category Code: | Category Name: | Detailed Description: | Amount: | Receipt Provided: Yes / No (if no, provide reason) |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | $ | |