```
                                                    USDC SDNY
                                                    DOCUMENT
UNITED STATES DISTRICT COURT                        ELECTRONICALLY FILED
SOUTHERN DISTRICT OF NEW YORK                       DOC #:
                                                    DATE FILED: 9/4/2013
```

---

IN RE:

13-MD-2434(CS)

MIRENA IUD PRODUCTS LIABILITY LITIGATION

*This Document Relates to All Actions*

---


Seibel, J.

## ORDER REGARDING THE PRESERVATION OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION

**I.  GENERAL**

This Order governs the preservation of documents, data, and tangible things in cases filed in or consolidated before this Court as components of In re: Mirena IUD Products Liability Litigation in the United States District Court, Southern District of New York, and to every action that is or will be filed or transferred into this court (collectively the "Litigation").

**II.  DEFINITIONS**

A.  As used herein, "Documents, Data, and Tangible Things" shall be interpreted broadly to include electronically stored information ("ESI") on hard drives, USB or thumb drives, databases, computers, handheld devices, floppy disks, CD-ROM, DVD-ROM, magnetic tape, optical disks, External/Removable/Portable Hard Drives, smart phones, Zip Drives, Tablets (e.g., iPads, Playbooks, Slates) or other devices for digital data storage or transmittal, of writings, records, files, correspondence, reports, memoranda, calendars, diaries, minutes, e-mail, telephone

1

message records or logs, hard drives, removable computer storage media such as tapes, discs and cards, printouts, document image files, Web pages, databases, spreadsheets, books, ledgers, journals, orders, invoices, bills, vouchers, checks statements, worksheets, summaries, compilations, computations, charts, diagrams, PowerPoint presentations or other demonstrative media, graphic presentations, drawings, films, charts, digital or chemical process photographs, video, phonographic, tape or digital records and any transcripts thereof, drafts, jottings and notes, studies or drafts of studies or other similar such material. Information that serves to identify or locate such material, such as file inventories, file folders, indices, and metadata are also included in this definition. No Party is under an obligation to preserve voicemail or instant messages.

      B.     As used herein, "Preservation" shall be interpreted to accomplish the goal of maintaining the integrity of Documents, Data, and Tangible things as described below and shall include taking reasonable steps as described below to prevent the partial or full destruction, alteration, shredding, or deletion of such materials. Provided that reasonable steps have otherwise been taken to preserve materials in accordance with this Order, the Parties may continue the practice of rewriting and/or reusing backup tapes and media typically maintained solely for the purpose of disaster recovery. Electronic documents and data will be maintained and preserved in their native format, except as authorized below. A party may change the format of preserved materials in the normal course of business or operations without consulting with the other party so as long as the change does not affect the contents of the documents and/or data (other than metadata) or the ability to access or search the documents and/or data.

      C.     As used herein the term, "Mirena®" means Defendant's 52 mg levonorgestrel-releasing intrauterine contraceptive system known as Mirena®, Levonova®, LNG 20, LCS 20, ICS 20, NDA 21-225, IND 22-697, as well as any term(s) not set forth above used by the

Defendant to refer to Mirena® ("Mirena").

D. "Defendant" in the context of this document includes Bayer HealthCare Pharmaceuticals Inc., Bayer Corporation, Bayer HealthCare, LLC, Bayer Pharmaceuticals Corporation, Berlex Laboratories, Inc., and Berlex, Inc.

### III. GENERAL PRESERVATION OBLIGATIONS

A. All Parties shall take reasonable steps, including the dissemination of legal hold notices to all employees and/or departments likely to possess information relating to Mirena defenses and the claims at issue in this action, to ensure the preservation of Documents, Data, and Tangible things that are reasonably likely to be the subject of discovery in the litigation.

### IV. ACCEPTABLE METHODS OF PRESERVATION BY PLAINTIFFS

A. The preservation activities set forth in this section IV satisfy the preservation obligations of the Plaintiffs in the Litigation.

1) Preserve Documents, Data, and Tangible things in their possession, custody, and control concerning Mirena including, but not limited to, Mirena labels, product packaging, and containers of any kind.

2) Preserve any documents or ESI relating to their use of Mirena, their injuries at issue in this litigation, and their physical condition during the time they claim they were suffering from injuries allegedly caused by Mirena that are stored on the hard drive of a computer owned by the Plaintiff. This obligation does not require a plaintiff to copy or create a duplicate image of the hard drive. Plaintiff's obligation is fulfilled if the ESI and documents are retained on the hard drive, however, if the computer is replaced the Plaintiff will retain the old computer hard drive or will contemporaneously create and maintain complete hard copies of any such documents that were saved to the hard drive to satisfy their preservation obligation. If a

3

Plaintiff chooses to create hard copies rather than maintain the hard drive, the Plaintiff will prepare a statement that all ESI relating to her use of Mirena, her injuries at issue in this litigation, and her physical condition during the time she claims she was suffering from injuries allegedly caused by Mirena was printed to paper and that the ESI was not altered prior to printing, a description of the general nature of the documents/data that were printed, and the date(s) on which this was performed. Plaintiff will provide the statement to her counsel.

3) Plaintiff, or anyone acting for or on behalf of Plaintiff, shall not remove, destroy, delete, modify, or in any way alter documents or ESI relating to Plaintiff's use of Mirena, her injuries at issue in this litigation, and her physical condition during the time she claims she was suffering from injuries allegedly caused by Mirena that are posted or saved on a web-based storage media (e.g. Facebook, Twitter, Instagram, MySpace, etc.). If a Plaintiff wants to close her web-based storage media account, she may do so as long as she contemporaneously creates hard copies of the web-based storage media and prepares a statement that all ESI relating to her use of Mirena, her injuries at issue in this litigation, and her physical condition during the time she claims she was suffering from injuries allegedly caused by Mirena was printed to paper and that the ESI was not altered prior to printing, a description of the general nature of the documents/data that were printed, and the date(s) on which this was performed. Plaintiff will provide the statement to her counsel. The parties recognize that they cannot control the actions that third-party web-based storage media providers unilaterally take with respect to Mirena-related ESI.

4) Preserve any documents relating to their use of Mirena, their injuries at issue in this litigation, and their physical condition during the time they claim they were suffering from injuries allegedly caused by Mirena that are stored on any removable media owned by the

4

Plaintiff. This obligation does not require the Plaintiff to copy or create a duplicate image of the media. Plaintiff's obligation is fulfilled if the documents are retained on the media or Plaintiff contemporaneously creates and maintains complete hard copies of any documents on the media. If a Plaintiff chooses to create hard copies rather than maintain the hard drive, the Plaintiff will prepare a statement that all ESI relating to her use of Mirena, her injuries at issue in this litigation, and her physical condition during the time she claims she was suffering from injuries allegedly caused by Mirena was printed to paper and that the ESI was not altered prior to printing, a description of the general nature of the documents/data that were printed, and the date(s) on which this was performed. Plaintiff will provide the statement to her counsel.

5) Preserve all medical and pharmacy records in their possession and records of medical expenses in their possession allegedly incurred in connection with use of Mirena.

## V.  ACCEPTABLE METHODS OF PRESERVATION BY DEFENDANTS

The following methods of preserving Documents, Data, and Tangible things shall satisfy Defendant's duty to preserve in the Litigation. Individual personal injury plaintiffs' obligations are governed by Section IV above and this section is not applicable to such plaintiffs. Defendant may select any of the methods set forth under each sub-section A through C as the means to preserve Documents or Data and the decision as to which method to use is at the judgment of the Defendant.

### A.  E-mail

Defendant shall preserve E-mail communications (including associated attachments) concerning Mirena of employees and/or departments receiving a legal hold notice by either:

(1) Maintaining one set of back-up tapes for implicated servers;

(2) Preventing automatic deletion of the email of affected custodians;

5

(3) Creating an electronic snapshot of implicated servers; or

(4) Maintaining E-mail files on a server or within an electronic archive that is not subject to a deletion schedule.

Furthermore, Defendant shall immediately disable auto-delete features, if any, on any such servers and terminate all deletion policies and schedules, if any, for all such servers by issuing a litigation hold notice to all employees and/or departments that are reasonably likely to possess information relating to Mirena or the defenses and the claims at issue in this action.

### B.     Databases

Defendant shall preserve data concerning Mirena held in databases by either:

(1) Maintaining such data in accessible electronic systems that are not subject to a deletion schedule;

(2) Creating an electronic snapshot or backup of relevant database servers; or

(3) Maintaining one set of back-up tapes for relevant database servers.

Furthermore, Defendant shall immediately disable auto-delete features, if any, for Mirena-related information in any such servers and terminate all deletion policies and schedules, if any, for Mirena-related materials in all such servers by issuing a litigation hold notice to all employees and/or departments that are reasonably likely to possess information relating to Mirena or the defenses and the claims at issue in this action.

### C.     Electronic documents contained in Shared or Home Directories

Where electronic documents in shared or home directories (e.g., word processing documents, spreadsheets, and PowerPoint presentations, videos) are subject to a deletion schedule, the parties shall preserve such documents concerning Mirena contained in shared and home directories by either:

(1)     Maintaining such directories and files contained therein in accessible electronic systems that are not subject to a deletion schedule;

(2)     Creating an electronic snapshot or backup of relevant shared drive or home directory servers; or

(3)     Maintaining one set of back-up tapes for relevant servers.

Furthermore, Defendant shall immediately disable auto-delete features, if any, for Mirena-related information in any such servers and terminate all deletion policies and schedules, if any, for Mirena-related materials in all such servers by issuing a litigation hold notice to all employees and/or departments that are reasonably likely to possess information relating to Mirena or the defenses and the claims at issue in this action.

## VI.     RESERVATION OF RIGHTS

The Parties do not concede that any of the information subject to this Case Management Order is discoverable, relevant, or admissible, and the Parties expressly reserve the right to challenge any specific discovery request concerning any such information. The Parties also reserve the right to challenge the competency, relevance, materiality, privilege, and/or admissibility into evidence of such documents, information, or material in these or any subsequent proceedings or at the trial of these or any other actions, in this or any other jurisdiction.

**SO ORDERED.**

Dated: _____9/4_____, 2013
White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.