**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/24/13

--------------------------------------------------

IN RE:

**MIRENA IUD PRODUCTS LIABILITY LITIGATION**

*This Document Relates to All Actions*

13-MD-2434(CS)

*and*

13-MC-2434 (CS)

--------------------------------------------------

Seibel, J.

<u>**REVISED ORDER REGARDING DOCUMENTS CLAIMED TO BE PRIVILEGED/PROTECTED**</u>

1. This Order is entered to provide guidelines that govern the grounds upon which a party may seek to withhold information otherwise discoverable by claiming that the information is privileged/protected, the protocols that shall be followed with regard to privilege logs for documents fully withheld and those redacted for a claim of privilege ("privilege redactions"), and the method of determining privilege and/or privilege redaction disputes. *It replaces my 10/18/13 Order on the same subject.*

2. Pursuant to a claim of attorney-client privilege, work product protection, or other applicable privilege or immunity, the designating party shall produce one or more privilege logs in a Microsoft Excel Spreadsheet or a comparable electronic format that allows text searching and organization of data. The designating party will produce a privilege log within 75 days following the production of documents from which the privileged or privilege redactions are withheld. The log will be accompanied by a glossary of the names and affiliations of the legal personnel named in the log. In the affiliation column, the designating party will indicate whether the legal personnel is an inside or outside counsel. If the individual is outside counsel, his/her law firm's name

393197 v1

will be provided.  If the individual is inside counsel, the designating party will identify the type of attorney (e.g., litigation, patent, etc.) where possible.

3.      The log will contain the following information for each item not produced or redacted for reasons of privilege, to the extent providing this information will not destroy the privilege:

      a.     the name(s) of the person(s) who created and received the document or a copy of it, including the To; From; CC; and BCC fields, when applicable.  The producing party will place a star to indicate if an individual identified is an attorney and two stars to indicate an attorney agent.  If a distribution list is included in the To; CC; or BCC fields, the names of all persons included in the distribution list must be disclosed;

      b.     the date on which the document was created and/or received;

      c.     the time the document was sent, if applicable;

      d.     a description of the nature of the document, sufficient to enable the receiving party to assess the applicability of the privilege or protection;

      e.     the privilege(s) claimed; and

      f.     the bates range of the document.

4.      With respect to emails, when there is a chain of privileged or privilege redacted emails, the designating party need include only one entry on the log to identify withheld emails that constitute an uninterrupted dialogue between or among individuals; provided, however, that disclosure must be made that the emails are part of an uninterrupted dialogue.  Moreover, the beginning and ending dates and times (as noted on the emails) of the dialogue and the number of emails within the dialogue must be disclosed, in addition to the other requisite privilege log disclosure, including the names of all of the recipients of the communications.

5.      With respect to the e-mails collected from the custodial files of the individuals whose files were produced in *Kelli Baugh and Justin Baugh v. Bayer Corporation, et al.* in the

United States District Court for the District of South Carolina, Civil Action No. 4:11-cv-00525_RBH/Florence Division, Jo-Ann Ruane, Antonio Costales, Catherine Holtz, John Rotondo, and Charles Walsh, when there is a chain of privileged or privilege redacted emails the designating party need only include one entry on the privilege log to identify withheld emails that constitute an uninterrupted dialogue between or among individuals. Moreover, the beginning and ending dates (as noted on the emails), as well as the number of emails in the string, will be provided in addition to other requisite privilege log disclosures, including the names of all of the recipients of the communications. This section is only applicable to those documents already produced in the *Baugh* matter and does not apply to any subsequent productions for custodial files of Jo-Ann Ruane, Antonio Costales, Catherine Holtz, John Rotondo, and Charles Walsh.

6.      Presumptively, neither party is required to include in their privilege logs:

a.      communications exclusively between a party and its trial counsel;

b.      work product created by trial counsel, or by an agent of counsel other than a party, after commencement of the action; and

c.      internal communications within: i) a law firm or ii) a legal department of a corporation or of another organization.

7.      The parties shall meet and confer and endeavor to resolve any disputes arising hereunder before submitting such disputes to the Court for determination. If no resolution is reached, a party or person who raises a question as to the assertion of a privilege, privilege redaction, or work product protection with respect to documents (including electronically stored information) may request a ruling from the Court as follows:

a.   The requesting party or person will submit to the Court, in a manner permitted by the Judge's Individual Practices, and to opposing counsel by hand delivery, fax or email, a letter of not more than 3 single-spaced pages (a) setting forth its position and including a glossary of the names and affiliations of all individuals named in

the disputed document(s) and (b) certifying that it has in good faith conferred with the opposing party or person in an effort to resolve the issues without court action.

b. If the requestor is the party or person invoking privilege or work product protection, it may attach to its letter to the Court no more than 5 representative documents that are the subject of its request. The documents are to be attached only to the copy of the letter directed to the Court, for *in camera* review, and not to the copy of the letter directed to the opposing party.

c. Any opposing party or person may submit a responsive letter of no more than 3 single-spaced pages within 3 business days with a copy to opposing counsel.

d. If the Court permits a reply, it should not exceed 2 single-spaced pages and should be submitted within 2 business days of the responding letter.

e. Unless the Court requires a more extensive submission, within fourteen days from the receipt of the responsive letter or, if later, its receipt of the documents, the Court will make its best effort to determine whether the submitted documents must be produced. The Court may issue its decision prior to its receipt of the responsive letter if it has otherwise provided any opposing party or person an opportunity to be heard.

8.     Pursuant to Federal Rule of Civil Procedure 26(b)(5) and Federal Rule of

Evidence 502(e), a party who inadvertently discloses documents that are privileged or otherwise

immune from discovery shall, promptly upon discovery of such inadvertent disclosure, so advise

the receiving party and request that the documents be returned. The receiving party shall return

such inadvertently produced documents, including all copies, within 10 days of receiving such a

written request. The party returning such inadvertently produced documents may thereafter seek

re-production of any such documents pursuant to applicable law.


**SO ORDERED.**

Dated:  10/23  , 2013

White Plains, New York

_Cathy Seibel_

CATHY SEIBEL, U.S.D.J.


393197 v1

## Goldman Ismail Tomaselli Brennan & Baum llp

WRITER'S DIRECT DIAL
312-881-5947
scook@goldmanismail.com

October 23, 2013

**VIA FAX**

The Honorable Cathy Seibel
United States District Judge
The Hon. Charles L. Brieant Jr. Federal Building and U.S. Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

> Re: *In re: Mirena IUD Products Liability Litigation*, 13-MD-2434 (CS)
> **Order Regarding Documents Claimed to be Privileged/Protected**

Dear Judge Seibel:

In the Order Regarding Documents Claimed to Be Privileged/Protected ("Privilege Log Order") entered on October 18, 2013 (MD Doc. No. 394, MC Doc. No. 37), the Court revised paragraph 2 to require the parties to provide a glossary of the names and affiliations of all individuals named in a privilege log. This topic was discussed by the parties before the submission of the proposed Privilege Log Order. Because the burden to create a glossary of all individuals is great, and in most cases such a glossary will not be needed for the parties to assess the validity of a claimed privilege, the parties agreed to require a glossary of only legal personnel named in a privilege log.

In light of the prior discussions and negotiations between the parties on this topic and the burden that would be imposed on by the broadening of the glossary provision, Bayer respectfully requests that the Court supersede the Privilege Log Order with the accompanying Revised Order Regarding Documents Claimed To Be Privileged. In order to address the concerns expressed by Magistrate Judge Smith at the September 25, 2013 status conference that appear to have brought about the revision in the Privilege Log Order, we have added a sentence to paragraph 7.a that requires the parties to provide a glossary of the names and affiliations of all individuals (not just legal personnel) involved in those instances where a privilege dispute is submitted to the Court for resolution.

**Goldman Ismail Tomaselli Brennan & Baum llp**

The Honorable Cathy Seibel                    -Page 2-                    October 23, 2013

      We have conferred with Plaintiffs' Co-Lead Counsel, Matthew McCauley, on this matter. He has reviewed this letter and the Revised Order and does not oppose this request.

Respectfully submitted,

Shayna S. Cook
*Lead Counsel for Defendant*
*Bayer HealthCare Pharmaceuticals Inc.*

CC (via email):
Counsel for Plaintiffs Diogenes P. Kekatos, Fred Thompson, James R. Ronca, Matthew McCauley; and Counsel for Bayer Marie Woodbury, James Shepherd, William Harrington