# GOLDMAN ISMAIL TOMASELLI BRENNAN & BAUM LLP

December 4, 2013

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/11/13
```

WRITER'S DIRECT DIAL
312-881-5947
scook@goldmanismail.com

**VIA EMAIL**

The Honorable Cathy Seibel
United States District Judge
The Hon. Charles L. Brieant Jr. Federal Building and U.S. Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

Re:   *In re: Mirena IUD Products Liability Litigation*, 13-MD-2434, 13-MC-2434
      Case Management Order Regarding Protocol Governing Depositions

Dear Judge Seibel:

At the November 21, 2013 Status Conference, the Court instructed counsel to submit by November 27 a draft Protocol Governing Depositions that reflected the Court's rulings at the conference. On November 22, Counsel for Defendants provided a draft protocol to Plaintiffs' Lead Counsel. Lead Counsel for Plaintiffs wanted to see the transcript from the conference before agreeing to a draft protocol. The transcript became available on December 2.

Counsel have met and conferred and agreed to the attached proposed protocol other than the highlighted portions. The parties' positions on these highlighted portions are set forth below.

| Issue | Plaintiffs' Position | Defendant's Position |
|---|---|---|
| Paragraph 21: Defendants' proposal: "Lead Counsel shall endeavor to coordinate with attorneys from other jurisdictions where a deposition has been cross-noticed about the division of deposition time among counsel." | Plaintiffs agree to coordinate with the leadership in the New Jersey state centralized Mirena litigation and with counsel in other state jurisdictions in those cases brought by a firm that is a PSC member. The sentence proposed by Bayer, however, imposes an unreasonable burden on Co-Lead Counsel to "endeavor" to coordinate with counsel in outlier actions. That could become a nearly | This provision does not impose an undue burden on Plaintiffs or require them to cede a certain percentage of time to counsel from other jurisdictions. Instead, it simply requires Lead Counsel to "endeavor to coordinate" with attorneys from other jurisdictions. These coordination efforts are within the purview of Lead Counsel's role as described in CMO 5. Further, advance coordination will serve the |

564 WEST RANDOLPH STREET · SUITE 400      2515 MCKINNEY AVENUE · SUITE 1250      500 SANTA MONICA BOULEVARD · SUITE 217
CHICAGO ILLINOIS 60661                    DALLAS TEXAS 75201                     SANTA MONICA CALIFORNIA 90401
312.681.6000 · 312.881.5191 FAX           214.880.9900 · 214.880.9901 FAX        310.576.6900 · 312.629.8107 FAX

www.goldmanismail.com

## Goldman Ismail Tomaselli Brennan & Baum LLP

The Honorable Cathy Seibel -Page 2- December 4, 2013

| | | |
|---|---|---|
| | impossible task should a large number of state court outlier actions be brought. Moreover, this could become an undefined and open-ended commitment on the Plaintiffs' leadership. For example, if it means that Co-Lead Counsel must telephone every other lawyer who has a case filed outside the MDL before each deposition and "endeavor" to coordinate the order of questioning, at present this would mean directly contacting up to 14 lawyers, probably for multiple calls to try and get things organized. For example, in October, Plaintiffs' Co-Lead contacted a number of lawyers in other jurisdictions regarding the coordination of depositions. This took nearly 20 phone calls that consumed several hours of Co-Lead Counsel's time. Furthermore, there is nothing that Co-Lead Counsel could, as a practical matter, do if certain attorneys refuse to agree to a proposed division of time. Therefore, it is unreasonable to expressly impose an obligation to try to coordinate with counsel in outlier state actions. Given Plaintiffs' willingness to coordinate with New Jersey and actions brought by PSC counsel in state courts, that should cover most of the likely scenarios. There is no need to impose this additional burdensome requirement. As for Bayer's suggestion that this issue was not previously raised, the PSC | interests of Plaintiffs by making depositions more efficient and orderly.<br><br>Finally, this language, as well as the language in Paragraph 22, was in Defendants' proposed protocol submitted to the Court on September 24 and adjudicated at the November 21 conference. Plaintiffs did not timely raise these objections at the November 21 conference and should be precluded from raising additional objections now. |

## Goldman Ismail Tomaselli Brennan & Baum LLP

The Honorable Cathy Seibel -Page 3- December 4, 2013

| | | | |
|---|---|---|---|
| | | had asked the Court to strike this entire paragraph altogether. | |
| Paragraph 22:<br>Defendant's proposal: "Nothing in this provision shall be construed as an injunctive or equitable order affecting state court proceedings. Rather, this provision is intended to reflect this Court's desire for voluntary state-federal coordination. However, all counsel with cases in the Consolidated Proceedings shall adhere to the guidelines articulated in this Order in all depositions regardless of whether originally noticed in one of the cases in the MDL proceeding or in a state court action." | These two sentences add nothing to the proposed Order. The first sentence simply recites that the MDL Court does not have the power to force other jurisdictions to coordinate. Several times at the last status conference the Court stated that it has no power over the other jurisdictions. There is no reason to restate it in this Order.<br>As to the second sentence, the problem that the PSC wants to avoid is a deposition noticed in another jurisdiction, at a time and place that is burdensome to the PSC, cross-noticed by Bayer in the MDL, and that deposition becomes the PSC's one and only deposition under paragraph 20. In its discussions with Bayer, the PSC has several times expressed their concern that this sentence will hamstring the PSC. The PSC asks only that it receives its "one deposition" at a planned time and in coordination with New Jersey. Bayer has advised Plaintiffs that if the PSC is cross-noticed into a deposition, and chooses not to ask questions, then the PSC will not have "taken" a deposition within the meaning of paragraph 20. The PSC would like to see that reflected in the Order if this sentence is to stay in the proposed Order. Accordingly, if the Court is inclined to accept the concept requested by Bayer, the | This paragraph makes clear that the Court is not trying to enjoin other court proceedings but merely to encourage coordination, including by exercising control over counsel who are before the Court. Without this provision, MDL counsel could notice depositions in other jurisdictions with the intent of circumventing the protocol. Similar language appears in other MDL deposition protocols (*e.g.*, Nuvaring).<br><br>Plaintiffs' new proposal, raised for the first time today, would vitiate Bayer's ability to cross-notice depositions in the MDL. The Federal Rules permit such cross-notices and provide for circumstances under which cross-noticed can be quashed, and there is no reason to alter the rules here. | |

**GOLDMAN ISMAIL TOMASELLI BRENNAN & BAUM LLP**

The Honorable Cathy Seibel -Page 4- December 4, 2013

| | | |
|---|---|---|
| | language should read: "All counsel with cases in the MDL shall adhere to the guidelines in this Order for all depositions irrespective of whether originally noticed in the MDL proceeding or in a state court action. If, however, the deposition is noticed in a state court action and cross-notices are then served in the MDL, the PSC is not required to participate in that deposition and the cross-notice shall not be considered taking a deposition by the PSC within the meaning of paragraph 20. | |
| Paragraph 25: Defendant's proposal: "…which may include sanctions." | Although Plaintiffs do not categorically and strenuously oppose the additional language that Bayer insists upon, it is unnecessary and excessive to permit Bayer to seek both a halt to a second day of a deposition and to have counsel sanctioned. At the November 21, 2013 status conference, the Court contemplated a somewhat different approach to dealing with potential abuses of its allowing two days for deposition. Specifically, the Court said that it would permit Bayer to seek injunctive (*i.e.*, prophylactic) relief in the event of an abuses, as distinguished from sanctioning counsel after the fact. Bayer's insistence on such an additional and excessive measure appears to reflect more so its unwillingness to accept that many witnesses' depositions | This sentence comes from Judge Martinotti's CMO #9, which was entered on November 20 and discussed at the November 21 MDL conference. The CMO states: "Parties will meet and discuss a New Jersey Deposition Protocol and will use their best efforts to coordinate same with the MDL. Specifically, there will be a presumption of a two-day limit for Corporate Witnesses. If Defendants feel the two days was not warranted, they may make application to the Court for appropriate relief, which may include sanctions." Given the Courts' and parties' desire for coordination, Defendants believe this language should be included within the MDL protocol. Further, because Defendants do not believe two-day depositions are warranted in most instances, Defendants |

## GOLDMAN ISMAIL TOMASELLI BRENNAN & BAUM LLP

The Honorable Cathy Seibel  -Page 5-  December 4, 2013

| | | |
|---|---|---|
| | will require a second day than a genuine need to have recourse to this Court's intervention in the unlikely event of any abuse. The additional measure creates the potential for abuse. At any rate, it is an unnecessary measure given the availability of sanctions under Rule 37 and 28 U.S.C. § 1927. | require all options for relief for abuse of the two-day presumption to be available. |

Respectfully submitted,

*[signature]*

Shayna S. Cook
*Lead Counsel for Defendants*
*Bayer HealthCare Pharmaceuticals Inc., Bayer OY,*
*and Bayer Pharma AG*

CC (via email):
Counsel for Plaintiffs Diogenes P. Kekatos, Fred Thompson, James R. Ronca, Matthew McCauley; Counsel for Bayer James Shepherd and William Harrington

Attachment

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
IN RE:

MIRENA IUD PRODUCTS LIABILITY LITIGATION

*This Document Relates To All Actions*

------------------------------------------------------------------x

ORDER No. ____
(Deposition Protocol)

13-MD-2434 (CS)
13-MC-2434 (CS)

## [PROPOSED] ORDER RE:
## PROTOCOL GOVERNING DEPOSITIONS

**Seibel, J.**

The parties have agreed upon the following Order governing the taking of depositions.

1.  This Order applies to all depositions taken in cases pending in MDL No. 2434, which shall be noticed and conducted pursuant to the Federal Rules of Civil Procedure and this Order.

2.  This Order in its entirety shall be attached to any non-party subpoena or deposition notice.

3.  "Defendant" in the context of this document shall be defined pursuant to the Agreed Order Regarding Proper Party-Defendant entered on July 17, 2013 (Doc. 225 in No. 13-MD-2434 (C) and Doc. 22 in No. 13-MC-2434 (CS)) and any future amendments thereto.

4.  Although this Order governs all depositions noticed or cross-noticed in this multidistrict litigation ("MDL,") the parties may stipulate to different arrangements. If one party believes that a particular deposition requires an exception from this protocol but the other party does not agree, the party seeking an exception may submit to the Court, by fax, a letter of not more than 3 single-spaced pages, setting forth its position and the

1

parties' efforts to resolve the dispute. The other party may then submit a responding letter of no more than 3 single-spaced pages within 3 business days. If the Court permits a reply, it shall not exceed 2 single-spaced pages and should be submitted within 2 business days of the responding letter.

I. **Deposition Notices, Scheduling and Logistics**

5. Counsel are expected to cooperate and coordinate the scheduling of depositions on a good faith basis. Before issuing a deposition notice, counsel shall consult in advance with opposing counsel in an effort to schedule depositions at mutually-convenient times and locations.

6. Each deposition notice shall include the name, address, and telephone number of an attorney point of contact designated by the party noticing the deposition, as well as the date, time and place of the deposition.

7. Deposition notices shall state the method(s) of recording, including whether the deposition is to be videotaped.

8. The notice for the deposition of a corporate representative under Fed. R. Civ. P. 30(b)(6) ("Rule 30(b)(6) deposition") shall describe with reasonable specificity the matters for examination. Plaintiffs will not notice Rule 30(b)(6) depositions other than those related to company organization until the parties agree to a protocol to govern those additional 30(b)(6) depositions or, if the parties are unable to reach agreement regarding such an additional protocol, the Court's resolution of what protocol, if any, shall govern such additional depositions.

9. Unless otherwise agreed, depositions of Plaintiffs or Defendant's current or former employees will take place within a reasonable distance from the city where the witness resides. Plaintiffs' counsel shall presumptively provide the location for Plaintiffs'

2

depositions and Defendant shall provide the location for the deposition of its current employees and any former employees represented by the same counsel as Defendant.

10. In order for counsel to make arrangements for adequate deposition space, whenever feasible, counsel for each party shall advise the opposing party of the names of persons who intend to attend a deposition at least three (3) business days prior to the deposition.

11. Each witness, attorney, and any other person attending a deposition shall be identified on the record at the commencement of the deposition.

## II. Court Reporters and Transcripts

12. The parties have agreed to use Golkow Technologies for all depositions taken in the litigation, both for the stenographic reporting and videotaping of depositions.

13. The party who notices the deposition shall arrange for and pay the costs of the court reporter and videographer (if any).

14. Each side shall bear its own costs in securing copies of the deposition transcript and exhibits, videotape, or DVD from the court reporter.

## III. Translators

15. Each witness whose native language is not English shall have the right to testify in a language other than English. Where a witness indicates his or her intention to respond to questions in a language other than English, neutral translators will be employed to interpret and translate between the foreign language and English. The official translators shall be agreed by the parties. Three translators shall be employed to allow for rotation of the translators. If the witness elects to testify in English rather than in his or her native tongue, the presenting party shall have the right to have a neutral translator present to assist if necessary.

16. Each translator will swear under oath or affirm prior to each deposition to provide honest and truthful translations. A monitor displaying "real time" transcription will be placed in front of the translator to assist in the translation.

17. Counsel presenting the deponent will notify Lead Counsel for the deposing party at least ten (10) days in after notice of the deposition of any witness whose examination will require the involvement of a translator. Counsel for third-party witnesses will notify counsel for the party who noticed the deposition at least ten (10) days in advance of the deposition that the examination will require the involvement of a translator.

18. The parties will split the costs of the translators.

## IV. Coordination Between the MDL and Other Federal and State Proceedings

19. In order to avoid duplicative discovery and to prevent the unnecessary expenditure of judicial resources and the resources of the parties, steps should be taken to encourage counsel in related federal and state court proceedings to coordinate their depositions with MDL depositions. Bayer reserves the right to cross-notice any deposition.

20. Unless otherwise agreed by the parties, there shall be a presumption that Lead Counsel or counsel on the Plaintiffs' Steering Committee ("PSC") of this MDL, or any lawyers within Lead Counsel's or the PSC members' law firms, may appear and ask questions at only one deposition of an employee or former employee of Defendant. A party may not take a subsequent deposition of that witness over objection of the opposing party or the witness except for good cause shown as determined by the Court (see Paragraph 26). Any subsequent deposition shall be restricted to such additional inquiry stipulated to by the parties or as permitted by the Court. This limitation applies regardless

4

of where the deposition was originally noticed. Nothing in this paragraph will prevent a subsequent deposition of a witness identified as a 30(b)(6) corporate witness after his or her individual deposition, although the parties should use their best efforts, where feasible, to accomplish both depositions at the same time.

21. Lead Counsel shall endeavor to coordinate with attorneys from other jurisdictions where a deposition has been cross-noticed about the division of deposition time among counsel. Any number of counsel for the PSC may question the witness but regardless of which counsel conducts the initial examination of the deponent, subsequent questioning shall not be redundant or repetitive, although clarification of prior testimony may be sought if reasonably calculated to elicit testimony that adds to the substance of or clarify the prior testimony. Counsel for the witness may not instruct the witness not to answer on the basis of this paragraph but may object and seek relief from the Court if counsel for the PSC are unreasonably redundant or repetitive.

22. Nothing in this provision shall be construed as an injunctive or equitable order affecting state court proceedings. Rather, this provision is intended to reflect this Court's desire for voluntary state-federal coordination. However, all counsel with cases in the Consolidated Proceedings shall adhere to the guidelines articulated in this Order in all depositions regardless of whether originally noticed in one of the cases in the MDL proceeding or in a state court action.

V. **Number of Depositions of Current and Former Employees of Defendant**

23. If Defendant objects to any noticed deposition of one of its current or former employees on the ground that the deposition would be cumulative or duplicative by subject matter of a deposition that has already been taken, the parties shall confer in good faith concerning such dispute and, if unable to resolve their disagreement, shall present it

5

to Magistrate Judge Smith for resolution.

## VI. Conduct During and Length of Depositions

24. Counsel are expected to cooperate with, and be courteous to, each other and deponents.

25. Unless otherwise agreed by the parties or upon Order of this Court, there will be a presumption of a two-day limit for corporate witnesses. Defendant may apply to the Court beforehand for a shorter time limit on a particular witness. In addition, if Defendant feels the second day was not warranted, Defendant may apply to the Court for appropriate relief, which may include sanctions.

26. Presumptively each witness shall be deposed once in his or her individual capacity. A witness may be deposed more than once upon agreement of the parties or upon order of this Court for cause shown. Cause shown may include deposing the witness in another capacity or deposing the witness regarding significant documents produced after the witness's deposition. Duplication of questioning shall be avoided.

27. Counsel for the party presenting the deponent shall have the opportunity to examine the witness at the conclusion of the opposing party's examination so long as the subject matter of this direct examination is within the scope of the original examination. Counsel for the party noticing the deposition may ask questions on re-cross, limited to the subject raised in questions by counsel for the presenting party on direct examination and for a reasonable period of time, not to exceed the time taken for questioning by the party presenting the witness.

28. The party who notices a third-party deposition shall question the witness first in the deposition. With respect to treating physicians (for example, the physician who inserted the plaintiff's Mirena), the Plaintiff will question the witness first if the case

number (as docketed in this Court) ends in an odd number, and the Defendant will question the witness first if the case number (as docketed in this Court) ends in an even number, no matter which party noticed the deposition.

      29.     Objections must be limited to (1) those permitted by the Federal Rules of Civil Procedure; and (2) those necessary to assert a privilege, enforce a limitation on evidence directed by the Court, or present a motion. In the event a privilege is claimed, examining counsel may make appropriate inquiry about the basis for asserting privilege. Speaking objections that refer to the facts of the case or suggest an answer to the deponent are improper and must not be made in the presence of the deponent. Counsel may ask for clarification of the question before the witness answers.

## VII.   Disputes During Depositions

      30.     If a dispute arises during a deposition noticed and/or cross-noticed in MDL No. 2434 and New Jersey Consolidated Proceeding BER-L-4098-13, the moving party shall submit the dispute to either Judge Smith (or, if Judge Smith is unavailable, the undersigned) or Judge Martinotti, depending on whether the attorney questioning the witness at the time the dispute arises is appearing on behalf of the MDL or New Jersey. In the event that the appropriate judicial official is not available, the deposition shall continue with full reservation of rights of the interrogation for a ruling at the earliest possible time.

## VIII.   Documents

      31.     Deposing counsel should provide extra copies of deposition exhibits to examining opposing counsel at the deposition for whom timely notice of attendance was provided. Deponents and their counsel should be shown a copy of a document at the deposition before being examined about it.

## IX.   Use of Depositions

32.     Depositions of employees and former employees of Defendant taken in this MDL proceeding may be used by or against any party regardless of when the party was added to the MDL docket, including parties later added and parties in cases subsequently filed in, removed to or transferred to this Court as part of this litigation. A party may request relief from the provisions of this paragraph by filing a motion and having the Court find good cause for relief. Such motion must be filed within sixty (60) calendar days after becoming a party in this MDL proceeding.

33.     Depositions may be used in any Mirena-related action in state court to the extent permitted by that state's law and rules.

**SO ORDERED.**

Dated: _____
       White Plains, New York

_____<br>
CATHY SEIBEL<br>
United States District Judge