# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION

---------------------------------------------------------------------------

IN RE:                                                                    13-MD-2434(CS)

MIRENA IUD PRODUCTS LIABILITY LITIGATION

---------------------------------------------------------------------------

DORENA BORDERS                                              7:13-cv-06818-CS

    Plaintiff,

v.

BAYER HEALTHCARE PHARMACEUTICALS INC.

    Defendant.

---------------------------------------------------------------------------

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

    Plaintiff Dorena Borders' claims against Bayer HealthCare Pharmaceuticals Inc. are time-barred under the applicable two-year statutes of limitations in both New Jersey – the state in which she brought this action – and her home state of Ohio.

    Plaintiff admits in her Complaint, filed August 26, 2013, that (1) she was injured more than two years prior to filing suit; (2) she suspected that her injury was caused by Mirena more than two years prior to filing suit; and (3) her doctors diagnosed her as having a Mirena embedded in her uterus on October 12, 2010, more than two years prior to filing suit.  Plaintiff even alleges that she had surgery to remove her embedded Mirena on April 20, 2011 – still more than two years before this lawsuit was filed in the District of New Jersey.

1

Because Plaintiff admits to having actual awareness of the connection between her injuries and Mirena on October 12, 2010, at the latest, no equitable tolling doctrine in New Jersey or Ohio saves her claims. The Complaint should therefore be dismissed in its entirety.

I.   **FACTUAL BACKGROUND**

First approved as safe and effective by the FDA in 2000 for contraception and still on the market today, Mirena is an IUD that is small (1.26 inches long), T-shaped, and made of soft, flexible plastic (*see* Compl. at ¶ 24). Mirena requires a doctor's prescription and is inserted into a patient's uterus during an office procedure (*see id.*).

Plaintiff Dorena Borders alleges that she is a citizen and resident of the State of Ohio (*id.* at ¶ 3). On or about December 12, 2008, Plaintiff allegedly had her Mirena inserted in Columbus, Ohio (*see id.* at ¶ 42). "On or about October 12, 2010, Plaintiff requested removal [of her] MIRENA® IUD secondary to painful intercourse wherein she was informed by her medical providers that the MIRENA® IUD had embedded in her uterus." (*id.* at ¶ 44). On or about April 20, 2011, "Plaintiff underwent surgery . . . for retrieval of the MIRENA® IUD" (*id.* at ¶ 45). Plaintiff seeks damages for personal injuries alleged to have resulted from her use of Mirena and its embedment in her uterine wall (*see id.* at ¶¶ 4, 14, 44).

II.   **ARGUMENT**

   A.   **Plaintiff's Claims are Barred by the Applicable Two-Year Statute of Limitations**

Plaintiff's claims were not brought within the two-year statute of limitations applicable to personal injury actions both in New Jersey, the location of the transferor court, as well as in Plaintiff's home state of Ohio. Accordingly, those claims are time-barred and should be dismissed in their entirety.

"When an action involving state law claims is transferred pursuant to the MDL provision of 28 U.S.C. § 1407 (2000), 'a transferee court applies the substantive state law, including choice-of-law rules, of the jurisdiction in which the action was filed.'" *In re WorldCom, Inc. Sec. Litig.*, 03 CIV.4498, 2005 WL 2403856, at *2 (S.D.N.Y. Sept. 30, 2005) (citing *Menowitz v. Brown,* 991 F.2d 36, 40 (2d Cir.1993)); *In re Methyl Tertiary Butyl Ether ("MTBE") Products Liab. Litig.*, 175 F. Supp. 2d 593, 606 n.20 (S.D.N.Y. 2001). Plaintiff's action was filed on August 26, 2013 in the United States District Court for the District of New Jersey. Therefore, the state law and choice of law rules of New Jersey apply to the instant action.

"New Jersey courts generally treat the statute of limitations as a procedural matter and apply the New Jersey statute of limitations. Under special circumstances, however, New Jersey recognizes an exception to the general rule." *Pittston Co. v. Sedgwick James of New York, Inc.*, 971 F. Supp. 915, 922 (D.N.J. 1997) (citations removed). In *Heavner v. Uniroyal, Inc.*, 63 N.J. 130, 305 A.2d 412 (1973), the New Jersey Supreme Court held that "a New Jersey court will apply the statute of limitations of another state, if that state has a greater interest in the litigation. . . . However, choice of law is not an issue unless there is a real conflict between the law of two jurisdictions." *Cornett v. Johnson & Johnson*, 211 N.J. 362, 373-74, 48 A.3d 1041, 1047 (2012).

There is no conflict between the statutes of limitations of New Jersey and Ohio as applied to the facts of this case, as Ms. Borders' claims are time-barred under the laws of each state. Because no conflict exists, this Court need not conduct a choice of law analysis. Plaintiff's claims are time-barred on their face and should be dismissed in their entirety.

### 1. Plaintiff Is Time-Barred by the New Jersey Statute of Limitations

Plaintiff's claims are time-barred under New Jersey's two-year statute of limitations for personal injury actions. *See* N.J. STAT. ANN. § 2A:14-2(a); *see also Heavner*, 63 N.J. at 145, 305

A.2d at 420 (applying the two-year limitations period regardless of the legal theory of recovery when action sounded in personal injury).

The statute of limitations begins to run "after the cause of any such action shall have accrued." N.J. STAT. ANN. § 2A:14-2(a). In a personal injury action, "[o]rdinarily, a cause of action accrues at the time of the alleged injury." *Yarchak v. Trek Bicycle Corp.*, 208 F. Supp. 2d 470, 479 (D.N.J. 2002).

Plaintiff alleges that her Mirena was inserted on December 12, 2008 (Compl. ¶ 42). On or about October 12, 2010, "Plaintiff requested removal [of her] MIRENA® IUD secondary to painful intercourse wherein she was informed by her medical providers that the MIRENA® IUD had embedded in her uterus" (*id.* at ¶ 44). Finally, Plaintiff "underwent surgery on or about April 20, 2011 for retrieval of the MIRENA® IUD" (*id.* at ¶ 45).

Plaintiff's alleged injury occurred at some time between December 2008 and October 2010, when she allegedly suffered "painful intercourse" due to her Mirena. In no event, however, did her injury occur later than October 12, 2010, when she requested removal of her Mirena due to painful intercourse and was informed by her medical providers that her Mirena had embedded in her uterus. Upon receiving that diagnosis, Plaintiff had actual knowledge of the injury for which she now sues: embedment of her Mirena in her uterine wall.

In another Mirena action recently transferred to this Court, the Eastern District of Missouri held on a similar set of allegations that under New Jersey law, diagnosis of perforation triggered the statute of limitations. *Witherspoon v. Bayer HealthCare Pharms. Inc.*, 4:13CV01912 ERW, 2013 WL 6069009 (E.D. Mo. Nov. 18, 2013). In that multi-plaintiff action, the Eastern District of Missouri held that the only non-diverse plaintiff was fraudulently joined because she was time-barred on the face of the complaint and that "at the latest, [her] claim

'accrued' in 2009" when she "possessed 'reasonable medical information' connecting Mirena® to her injury . . . when she had the IUD removed and 'was informed at that time that the [IUD] had perforated her uterus.'"  *Id.* at *4-*5.  After the Court's ruling, that plaintiff voluntarily dismissed her case.

The Court in *Witherspoon* recognized as a matter of law that a plaintiff's actual knowledge of her alleged Mirena injury (in that case, perforation) began the running of the statute of limitations.  Similarly here, Ms. Borders' causes of action accrued, at the latest, on October 12, 2010, when she was informed that her Mirena had embedded into her uterine wall.  Therefore, the two-year statute of limitations for personal injury actions expired in October 2012, at the latest.  Since the instant Complaint was not filed until August 26, 2013, all of Plaintiff's claims are time-barred.

### a) Plaintiff Fails to Meet Her Heavy Burden Under New Jersey's Discovery Rule

Plaintiff cannot meet her burden under New Jersey law to invoke the discovery rule and to toll the statute of limitations beyond October 2010.

Under certain circumstances not present here, when an injury or its cause is not immediately knowable, the New Jersey discovery rule "delays the accrual of a cause of action until 'the injured party discovers, or by an exercise of reasonable diligence and intelligence should have discovered that he may have a basis for an actionable claim.'"  *Baird v. Am. Med. Optics*, 155 N.J. 54, 66, 713 A.2d 1019, 1025 (1998) (citation omitted).  "The discovery rule centers on a plaintiff's knowledge of both injury and fault."  *Fahey v. Hollywood Bicycle Ctr., Inc.*, 386 F. App'x 289, 290 (3d Cir. 2010) (construing New Jersey law).  "'[K]nowledge of fault denotes only facts suggesting the *possibility* of wrongdoing.'"  *Id.* (citation omitted, emphasis in original).

5

Even at the pleadings stage, "a plaintiff claiming the benefit of the discovery rule in respect of an injury so sustained has an extraordinarily high burden of demonstrating that he did not and could not have timely known of the existence of the cause of action." *Chatman v. Fennelly*, A-0054-06T3, 2007 WL 3130594 (N.J. Super. Ct. App. Div. Oct. 29, 2007) (on a motion to dismiss, holding that plaintiff "failed to carry his 'extraordinarily high burden'"); *see also Hawkins v. Feder*, 07-CV-4005 (WJM), 2008 WL 3192973 (D.N.J. Aug. 5, 2008) (on a motion to dismiss, plaintiff failed to meet his burden "to explain why he reasonably could not have discovered his cause of action in time to comply with the limitation period so as to justify the tolling of the statute of limitations").

Here, Plaintiff discovered, or by an exercise of reasonable diligence and intelligence should have discovered the basis for a claim no later than October 12, 2010 when she admits that she believed Mirena was the cause of her painful intercourse, and for that reason requested that it be removed (*id.*). On that same date, Plaintiff's health care providers allegedly informed Plaintiff that her Mirena had embedded in her uterus (*id.*). She further alleges that Bayer failed to provide proper warnings about Mirena's risks, a claim that was known to her upon being told of the Mirena embedment. Even read in a light most favorable to Plaintiff, she discovered both her injury and its cause, or at the very least, "facts suggesting the *possibility* of wrongdoing," no later than October 12, 2010. *Fahey*, 386 F. App'x at 290; *see also Witherspoon*, 2013 WL 6069009 at *4-*5. New Jersey's discovery rule should not be applied to toll the two-year statute of limitations beyond the October 2010 diagnosis of embedment because Plaintiff fails to meet the "extraordinarily high burden of demonstrating that [she] did not and could not have timely known of the existence of the cause of action" until after October 2010. *Chatman*, 2007 WL 3130594 at *2.

6

The latest date of any injury Plaintiff alleges is April 2011, when her Mirena had to be surgically removed. Even if this Court holds that Plaintiff did not discover her injury for purposes of the discovery rule until the date of her surgery to remove her Mirena – six months after the alleged diagnosis of embedment – Plaintiff nevertheless failed to file this action within the two-year statute of limitations.

### 2. Plaintiff Is Time-Barred by the Ohio Statute of Limitations

Plaintiff's claims are time-barred under Ohio law, where products liability actions are subject to a two-year statute of limitations. OHIO REV. CODE ANN. § 2305.10(B)(1); *Doane v. Givaudan Flavors Corp.,* 919 N.E.2d 290, 295 (Ohio Ct. App. 2009). Claims involving an injury caused by a prescription drug accrue, and the statute of limitations begins to run, either (1) "upon the date on which the plaintiff is informed by competent medical authority that the plaintiff has an injury that is related to the exposure," or (2) "upon the date on which by the exercise of reasonable diligence the plaintiff should have known that the plaintiff has an injury that is related to the exposure, whichever date occurs first." OHIO REV. CODE ANN. § 2305.10(B)(1).

As detailed above, on or before October 12, 2010, Plaintiff had actual knowledge that Mirena was related to her alleged injuries. Plaintiff admits that on October 12, 2010, she presented to her health care provider seeking to have her Mirena removed because it was causing "painful intercourse" (Compl. at ¶ 44). Thus, prior to her doctor's appointment on October 12, Plaintiff had reason to believe that Mirena was related to her injury. Furthermore, that same day, Plaintiff "was informed by her medical providers that the MIRENA® IUD had embedded in her uterus" (*id.*).

Here, Plaintiff's causes of action accrued under both the first and second prongs of § 2305.10(B)(1) on or before October 12, 2010. Thus, the statute of limitations on Plaintiff's

7

claims expired, at the latest, in October 2012. Even if this Court applied Ohio's two-year statute of limitations from the latest date of injury alleged in the Complaint – Plaintiff's April 20, 2011 surgery to remove Mirena, by which time she was necessarily aware of any alleged connection between Mirena and her injury – this Complaint is still time-barred.

\* \* \*

Ms. Borders' claims are time-barred under both the New Jersey and Ohio statutes of limitations for products liability actions, so this Court need not conduct a choice of law analysis. *Cornett*, 211 N.J. at 373-74, 48 A.3d at 1047.

### III.   CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss should be granted and Plaintiff's Complaint should be dismissed in its entirety.

Dated:  January 2, 2014                                        Respectfully submitted,

/s/ *Shayna S. Cook*
Shayna S. Cook
GOLDMAN ISMAIL TOMASELLI
BRENNAN & BAUM , LLP
564 West Randolph St., Suite 400
Chicago, IL 60661
P:  (312) 681-6000
F:  (312) 881-5191
scook@goldmanismail.com

*Lead Counsel for Defendant*