

77 Water Street, New York, NY 10005    P 212.584.0700    F 212.584.0799    www.seegerweiss.com

January 8, 2014

**By Email**

Honorable Cathy Seibel
United States District Judge
Southern District of New York
Hon. Charles L. Brieant Jr. Federal
    Building and United States Courthouse
300 Quarropas Street
White Plains, NY 10601-4150

Re: *In re Mirena IUD Products Liability Litigation*, No. 13-MD-2434 (CS) (LMS)

Dear Judge Seibel:

The MDL Plaintiffs' leadership respectfully submits this response to Bayer's letter dated January 2, 2014 ("Letter"), in which Bayer requested a pre-motion conference to discuss the filing of a motion to dismiss in *Dorena Borders v. Bayer HealthCare Pharmaceuticals Inc.*, No. 7:13-CV-06818 (CS) ("Borders"). We address below only the broader issues concerning the MDL. Counsel for Ms. Borders is submitting a separate letter addressing the specific merits of Bayer's arguments respecting that individual case.

Bayer contends that "an early statute of limitations ruling [in *Borders*] would streamline discovery in many of those cases and would likely lead to voluntary dismissal by many plaintiffs and deter future filing of similarly time-barred cases." Letter at 2. That assertion is incorrect.

Tellingly, Bayer does not maintain that its motion in *Borders* would be dispositive of other cases or that it would operate as a bellwether. Rather, Bayer characterizes its proposed motion as some sort of "exemplar." Letter at 1. Bayer's odd choice of descriptive for its proposed motion should come as no surprise. Its assertion that its motion in *Borders* "would have an immediate and significant impact" on numerous other cases in this MDL is flawed. *See* Letter at 2. A ruling in *Borders* would provide little, if any, guidance to other cases in this MDL. Statute of limitations questions are typically case-specific and have to be resolved under the laws of the plaintiffs' respective affected states. There is no uniform injury discovery rule (or lack thereof) in the fifty states. Moreover, unlike *Borders* – where Bayer argues that it is immaterial whether New Jersey or Ohio law is applied, Letter at 2 – in many cases, resolution of the statute of limitations question will require the Court to conduct (often complex) choice-of-law determinations because application of one state's law as opposed to another state's would be

Honorable Cathy Seibel
January 8, 2014
Page | 2

outcome-determinative. Just as importantly, each case rests on its own facts, including questions as to each plaintiff's due diligence in ascertaining her injury. *See Mathews v. Kidder, Peabody & Co.*, 260 F.3d 239, 250 (3d Cir. 2001) (injury discovery rule inquiry "is extremely fact-specific"); *Jose v. Hovensa, LLC*, 2012 WL 2285203, at *7 (D.V.I. June 18, 2012) ("[A] plethora of cases hold that the accrual date in personal injury cases, often in the context of motions to dismiss—*i.e.*, before factual development . . . is highly fact specific.") (citing cases). As Bayer tacitly concedes, the discovery rule entails, at least in part, a subjective test because it looks to a plaintiff's intelligence and exercise of reasonable diligence. *See* Letter, Ex. 1 (mem. of law) at 5.

Moreover, although it discusses potential trigger points as to when a plaintiff knew or should have known of her *injury*, Bayer sidesteps the other half of the inquiry – the question of when the plaintiff acquired or should have acquired knowledge of *fault* for the injury (*i.e.*, the defendant's *wrongdoing*). That, in turn, implicates questions concerning Bayer's fraudulent concealment. Notably, the *Borders* complaint pleads Bayer's fraudulent concealment.

Besides, the inefficiency of Bayer's proposed approach is amplified by the fact that it proposes to have the Court resolve this "exemplar" statute of limitations issue on a 12(b)(6) motion. Even were the Court to grant Bayer's motion in some cases, Bayer's proposed exercise is pointless given the well-established liberal policy permitting amendment of pleadings. *E.g.*, *Rice v. McDonnell & Co.*, 442 F. Supp. 952, 955 (S.D.N.Y. 1977) (citing authorities).

In short, putting aside Plaintiffs' objections to the resolution of these issues in a single case solely of Bayer's choosing, any determination that the Court makes in *Borders* is one that it will have to perform in scores of other cases, where the timeliness of the action potentially turns on the applicability of an injury discovery rule or the issue of Bayer's fraudulent concealment. If anything, Bayer understates the number of cases where this analysis would have to be performed given that new cases are being transferred to this Court almost weekly. CTO-28 alone, finalized by the JPML just two days ago, transferred 21 more Mirena-related actions to this Court. Simply put, Bayer's proposed motion practice will not further the interests of judicial economy.

Finally, Plaintiffs wish to point out that, before filing its pre-motion conference request letter, Bayer never raised with the Plaintiffs' leadership its intention to pursue dispositive motion practice for the purpose of influencing the disposition of numerous other cases in this MDL. Its counsel informed the Plaintiffs' leadership only the day before, merely as a "courtesy," that it would be submitting a pre-motion conference request in *Borders*, but never explained the broader purpose behind Bayer's proposed motion in that individual case.

In sum, the Court should decline to entertain Bayer's requested "exemplar" motion to dismiss on statute of limitations grounds at this early juncture in this MDL litigation.

Respectfully,

Diogenes P. Kekatos
Plaintiffs' Liaison Counsel

13036-999

Honorable Cathy Seibel
January 8, 2014
Page | 3

cc:     **By email**

        Shayna S. Cook, Esq.
        James Shepherd, Esq.
        William P. Harrington, Esq.
        James R. Ronca, Esq.
        Matthew J. McCauley, Esq.
        Fred Thompson III, Esq.
        Amy Collignon Gunn, Esq.

13036-999