

**The Simon Law Firm, P.C.**
*Attorneys and Counselors at Law*

January 8, 2014

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-9-2014

**BY EMAIL and FACSIMILE**
Honorable Cathy Seibel
United States District Judge
Southern District of New York
Hon. Charles L. Brieant Jr.
Federal Bldg. and United States Courthouse
300 Quarropas Street
White Plains, NY 10601-4150

**In Re Mirena IUD Products Liability Litigation, 13-MD-2434, 13-MC-2434
Dorena Borders v. Bayer HealthCare Pharmaceuticals, Inc., 7:13-cv-06818-CS**

Dear Judge Seibel:

Please accept this correspondence as Plaintiff Ms. Dorena Borders' response to Defendant Bayer HealthCare Pharmaceuticals, Inc.'s letter written to this Court dated January 2, 2014 specifically relating to Defendant's request to file a motion to dismiss based on a statute of limitations defense.

Defendant asserts that it presents a "narrow issue" to this Court for consideration. However, statute of limitations arguments are rarely black and white, especially in states with "discovery rules" such as Ohio, Ms. Borders' home state and New Jersey, her chosen forum and one of the states of Defendant's corporate citizenship. A full and complete evaluation of the facts and circumstances at play is necessary to determine whether Ms. Borders' cause of action is barred forever from proceeding. No depositions have been taken; no interrogatories or requests for production have been exchanged. No documents have been produced.

Moreover, Defendant writes of Ms. Borders' and other Plaintiffs' Complaints being "time-bared on their face" but wholly fails to include in its letter that Ms. Borders has asserted many causes of action, only some of which may be subject to a two year statute of limitations. In addition to Counts sounding in negligence and strict liability, Ms. Borders pleads causes of action in Breach of Express Warranty (Seventh Cause of Action), Breach of Implied Warranty (Eighth Cause of Action), Fraudulent Misrepresentation (Ninth Cause of Action), Fraudulent Concealment (Tenth Cause of Action), Negligent Misrepresentation (Eleventh Cause of Action), Fraud and Deceit (Twelfth Cause of Action) and Consumer Fraud (Thirteenth Cause of Action). Importantly, a finding of fraudulent concealment could prove to extend Ms. Borders' statute of limitations. Discovery of Defendant's knowledge of MIRENA'S defects and its actions to conceal such information from its consumers and others is warranted. Accordingly, Ms.

Page 2 of 2
January 8, 2014

Borders has sufficiently pled her causes of action including allegations of fraudulent concealment. To allow a motion to dismiss at this stage is premature and in no way promotes judicial economy or the administration of justice.

Defendant's statute of limitations argument is more suitable to a summary judgment motion than a motion to dismiss after sufficient and robust discovery of the relevant issues is conducted. As a result, Borders' respectfully asks that this Court deny Defendant's request to file its putative motion to dismiss.

I look forward to discussing this matter further at the conference next week.

If you have any questions or concerns, please do not hesitate to contact me.

Respectfully submitted,

Amy Collignon Gunn
Todd S. Hageman
Attorneys for Plaintiff Dorena Borders

cc (via email): Counsel for Plaintiff Diogenes P. Kekatos, Fred Thompson, James R. Ronca and Matthew McCauley
Counsel for Defendant Shayna Cook, James Shepherd and William Harrington





| Fax | (914) 390-4278 | Pages | 3 |
|---|---|---|---|

**From**     Angela N. Davis, Paralegal

**Date**     1/8/2014 3:45:42 PM

**Subject**

**Message**

Please see attached correspondence from Amy Collignon Gunn and Todd S. Hageman regarding ☐In Re Mirena IUD Products Liability Litigation, 13-MD-2434, 13-MC-2434; Dorena Borders v. Bayer HealthCare Pharmaceuticals, Inc., 7:13-cv-06818-CS