UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE:<br><br>MIRENA IUD PRODUCTS LIABILITY LITIGATION<br><br>*This document relates to:*<br><br>MELISSA FADEL, an individual,<br><br>Plaintiff,<br><br>v.<br><br>BAYER HEALTHCARE PHARMACEUTICALS INC., et al.,<br><br>Defendants. | MDL Docket No. 2434<br>7:13-md-02434-CS-LMS<br><br>Hon. Cathy Seibel<br><br><br><br>CASE NO. 7:13-cv-6164-CS<br><br>USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: 1-17-14 |

## ⟨PROPOSED⟩ ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT ORDER WITHDRAWAL OF ROBINSON CALCAGNIE ROBINSON SHAPIRO DAVIS, INC. AS ATTORNEYS OF RECORD FOR PLAINTIFF

The firm of Robinson Calcagnie Robinson Shapiro Davis, Inc. ("RCRSD"), through Shannon Lukei, Esq., represents Plaintiff, Melissa Fadel, in this pharmaceutical products liability action presently pending before this Court. The action, which was filed on August 9, 2013, alleges that Plaintiff Melissa Fadel suffered personal injuries as a result of her alleged use of the Mirena intrauterine system ("IUS"). The named Defendant is the manufacturer and distributor of the Mirena IUS, Bayer Healthcare Pharmaceuticals Inc.

1

On January 9, 2014, RCRSD filed a brief in support of motion for leave to withdraw as counsel for Plaintiff Melissa Fadel, a proposed order, and a declaration by Shannon Lukei, Esq., delineating the chronology of events and the reason for requesting the Court grant the motion. A true and correct copy of said filings is attached hereto as Exhibit 1.

Plaintiff was notified of RCRSD's intention to file a motion to withdraw as counsel in October 2013, and encouraged to contact RCRSD for additional information and transfer of the file to new counsel. Plaintiff was notified, via overnight mail on January 9, 2014, of the filing of said motion and provided with a copy of the filed brief and accompanying documentation. To date, RCRSD has never received a response to either correspondence.

On January 10, 2014, the Court responded to RCRSD's filing with an Order deferring ruling on the Motion to Withdraw and directed counsel to handle the motion through an Order to Show Cause. RCRSD files this OSC accordingly.

IT APPEARS TO THE COURT, based on the evidence presented by RCRSD, that there is good cause to grant RCRSD's motion to be relieved as counsel under Civil Local Rule 1.4 of the Southern District of New York and ABA-AMRPC Rule 1.16(b). There has been no evidence presented by the Plaintiff to refute RCRSD's assertions that: (1) good cause for withdrawal exists, as a personality conflict has arisen, making it unreasonably difficult for the firm to continue to represent the client; and (2) that minimal discovery has been completed in this case and no trial date has been set, therefore Plaintiff will not be prejudiced by the proposed withdrawal.

IT IS on this 17th day of January, 2014,

ORDERED that RCRSD serve Plaintiff Melissa Fadel with a copy of this Order on or before 1/24, 2014.

IT IS FURTHER ORDERED that Plaintiff Melissa Fadel SHOW CAUSE on February 18, 2014 @ 9:30 AM, 2014, why RCRSD's Motion to Withdraw as Counsel should not be granted. Any opposing papers shall be filed by Plaintiff on or before February 11, 2014, 2014.

in Courtroom 621, U.S. Courthouse, 300 Quarropas St. White Plains, NY 10601 at

_____
HON. CATHY SEIBEL
United States District Judge

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE:<br><br>MIRENA IUD PRODUCTS LIABILITY LITIGATION<br><br>*This document relates to:*<br><br>MELISSA FADEL, an individual,<br><br>Plaintiff,<br><br>v.<br><br>BAYER HEALTHCARE PHARMACEUTICALS INC., et al.,<br><br>Defendants. | ) MDL Docket No. 2434<br>) 7:13-md-02434-CS-LMS<br>)<br>) Hon. Cathy Seibel<br>)<br>)<br>)<br>)<br>)<br>) CASE NO. 7:13-cv-6164-CS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF MOTION AND MOTION FOR LEAVE TO WITHDRAW AS ATTORNEY OF RECORD FOR PLAINTIFF

The law firm of Robinson Calcagnie Robinson Shapiro Davis, Inc. (hereinafter "the firm"), through Shannon Lukei., Esq., respectfully moves for leave to withdraw as counsel of record for Plaintiff, Melissa Fadel. This motion is made on the following grounds:

1. A personality conflict has arisen between Plaintiff and Counsel, making it unreasonably difficult for the firm to continue to represent Plaintiff in this action;

2. Granting the herein motion will not delay trial in the case and would not otherwise be inequitable;

3. Plaintiff was notified of the herein motion for leave to withdraw via certified mail and Federal Express at her last known residential addresses (which are 15186 Hobby Way, Nevada City, CA 95959 and 10495 Broken Oak Court, #202, Penn Valley, CA 95946);

4. The notice to Plaintiff also advised that she should retain other counsel; and

5. The notice to Plaintiff also advised that within 21 days of the entry of the order of withdrawal, the party or new counsel shall file with the Clerk of the Court a supplementary appearance that provides the address at which the party and/or new counsel may receive service of documents related to the case.

This Motion is based on this Notice, the attached Brief in Support of this Motion, the accompanying Declaration of Shannon Lukei, Esq., and upon such additional evidence, documentary or otherwise, as may be presented at any hearing that may be conducted on this matter.

## RELIEF REQUESTED

Counsel for Plaintiff requests that the court grant leave to withdraw as counsel of record for Plaintiff, Melissa Fadel.

Dated: January 9, 2014                    Respectfully submitted,

/s/ Shannon Lukei
Shannon Lukei, CA Bar No. 202868 (*Pro Hac Vice*)
ROBINSON CALCAGNIE ROBINSON
SHAPIRO DAVIS, INC.
19 Corporate Plaza Drive
Newport Beach, CA 92660
Telephone: 949-720-1288
Facsimile: 949-720-1292
slukei@rcrlaw.net

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 9, 2014, Plaintiff, Melissa Fadel, was served with a copy of this **NOTICE OF MOTION AND MOTION FOR LEAVE TO WITHDRAW AS ATTORNEY OF RECORD FOR PLAINTIFF** and notified of all deadlines and pending court appearances by U.S. Mail, U.S. Certified Mail and Federal Express at Plaintiff's last known addresses, which are: 15186 Hobby Way, Nevada City, CA 95959 and 10495 Broken Oak Court, #202, Penn Valley, CA 95946.

ALSO, I HEREBY CERTIFY that on January 9, 2014, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record.

/s/ Shannon Lukei
Shannon Lukei

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE:<br><br>MIRENA IUD PRODUCTS LIABILITY LITIGATION<br><br>*This document relates to:*<br><br>MELISSA FADEL, an individual,<br><br>Plaintiff,<br><br>v.<br><br>BAYER HEALTHCARE PHARMACEUTICALS INC., et al.,<br><br>Defendants. | MDL Docket No. 2434<br>7:13-md-02434-CS-LMS<br><br>Hon. Cathy Seibel<br><br><br><br>CASE NO. 7:13-cv-6164-CS |

### BRIEF IN SUPPORT OF MOTION FOR LEAVE TO WITHDRAW AS ATTORNEY OF RECORD FOR PLAINTIFF MELISSA FADEL

### I.
### INTRODUCTION

The firm of Robinson Calcagnie Robinson Shapiro Davis, Inc., through Shannon Lukei, Esq., represents Plaintiff, Melissa Fadel, in this pharmaceutical products liability action presently pending before this Court. The action, which was filed on August 9, 2013, alleges that Plaintiff Melissa Fadel suffered personal injuries as a result of her alleged use of the Mirena intrauterine system ("IUS"). The named Defendant is the manufacturer and distributor of the Mirena IUS, Bayer Healthcare Pharmaceuticals Inc.

Good cause exists for permitting withdrawal of Robinson Calcagnie Robinson Shapiro Davis, Inc. as counsel for Plaintiff, Melissa Fadel, in that a personality conflict has arisen, making it unreasonably difficult for the firm to continue to represent the client in this action. Minimal discovery has been completed in this case and no trial date has been set, and therefore Plaintiff will not be prejudiced by the proposed withdrawal.

## II.
## BACKGROUND

The basic facts and procedural history of this case are not in dispute. This action was filed in the United States District Court, Eastern District of California on or about August 9, 2013. The case was transferred to this Court pursuant to CTO-14 on August 29, 2013. Although some generic discovery has been ongoing, discovery specific to this Plaintiff has not commenced.

## III.
## LEGAL STANDARD

Pursuant to Civil Local Rule 1.4 of the Southern District of New York, "an attorney who has appeared as attorney of record for a party may be relieved by order of the Court. Such an order may be granted upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien.

Further, the American Bar Association Model Rules of Professional Conduct offers guidance for consideration of motions for leave to withdraw as attorney of record. Specifically, ABA-AMRPC Rule 1.16(b) provides that a lawyer may

2

withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client. Hence, the legal standards applicable to the herein motion lend support for the relief requested herein.

## IV.
## ARGUMENT

Civil Local Rule 1.4 of the Southern District of New York states:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien. All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties.

The ABA-AMRPC Rule 1.16(b) states, in pertinent part, the following with respect to the termination of representation:

> (b) Except as stated in paragraph (c), a lawyer may withdraw from representing a client if:
>
> (1) withdrawal can be accomplished without material adverse effect on the interests of the client;
>
> \*\*\*\*\*\*\*\*
>
> (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
>
> \*\*\*\*\* or
>
> (7) other good cause for withdrawal exists.

Similarly, the New York State Rules of Professional Conduct state, in pertinent part:

> (c) Except as stated in paragraph (d), a lawyer may withdraw from representing a client when:
>
> (1) withdrawal can be accomplished without material adverse effect on the interests of the client;
>
> \*\*\*\*\*\*\*\*
>
> (7) the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively;
>
> \*\*\*\*\*or
>
> (12) the lawyer believes in good faith, in a matter pending before a tribunal, that the tribunal will find the existence of good cause for withdrawal...

New York State Rules of Professional Conduct §1200 Rule 1.1.6.(c)

As evidenced by the attached Declaration of Shannon Lukei, Esq., satisfactory reason and/or good cause for withdrawal exists, as a personality conflict has arisen, making it unreasonably difficult for the firm to continue to represent the client. In addition, withdrawal can be accomplished without material adverse effect on the interests of the client. Minimal discovery has been conducted and no trial is set in the present action. Finally the firm is not asserting a retaining or charging lien.

Therefore the firm of Robinson Calcagnie Robinson Shapiro Davis, Inc. respectfully seeks leave of the Court to withdraw from this action now, before discovery has been completed and a trial date has been set. Plaintiff has adequate time to find substitute counsel if she so desires, and withdrawal at this stage will not cause any delay or prejudice to Plaintiff.

Should the Court require specificity regarding the nature of the conflict that is the subject of this motion, Counsel for Plaintiff requests that the Court permit an in camera hearing to provide the Court with such additional information as the Court may deem necessary. If required by the Court, counsel for Plaintiff shall also provide the Court with an affidavit, filed under seal, addressing the details of the aforementioned conflict.

## V.
## CONCLUSION

WHEREFORE, based upon the foregoing, the law firm of Robinson Calcagnie Robinson Shapiro Davis, Inc., through Shannon Lukei, Esq., respectfully requests that the Court issue an Order granting the firm's request to withdraw as attorneys of record for Plaintiff, Melissa Fadel, in this action.

Dated: January 9, 2014                    Respectfully submitted,

                                          /s/ Shannon Lukei
                                          Shannon Lukei, CA Bar No. 202868 (*Pro Hac Vice*)
                                          ROBINSON CALCAGNIE ROBINSON
                                          SHAPIRO DAVIS, INC.
                                          19 Corporate Plaza Drive
                                          Newport Beach, CA 92660
                                          Telephone: 949-720-1288
                                          Facsimile: 949-720-1292
                                          slukei@rcrlaw.net

                                          *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 9, 2014, Plaintiff, Melissa Fadel, was served with a copy of this **BRIEF IN SUPPORT OF MOTION FOR LEAVE TO WITHDRAW AS ATTORNEY OF RECORD FOR PLAINTIFF MELISSA FADEL** and notified of all deadlines and pending court appearances by U.S. Mail, U.S. Certified Mail and Federal Express at Plaintiff's last known addresses, which are: 15186 Hobby Way, Nevada City, CA 95959 and 10495 Broken Oak Court, #202, Penn Valley, CA 95946.

ALSO, I HEREBY CERTIFY that on January 9, 2014, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record.

/s/ Shannon Lukei
Shannon Lukei

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE:<br><br>MIRENA IUD PRODUCTS LIABILITY LITIGATION<br><br>*This document relates to:*<br><br>MELISSA FADEL, an individual,<br><br>Plaintiff,<br><br>v.<br><br>BAYER HEALTHCARE PHARMACEUTICALS INC., et al.,<br><br>Defendants. | MDL Docket No. 2434<br>7:13-md-02434-CS-LMS<br><br>Hon. Cathy Seibel<br><br><br><br>CASE NO. 7:13-cv-6164-CS |

### DECLARATION OF SHANNON LUKEI, ESQ. IN SUPPORT OF MOTION FOR LEAVE TO WITHDRAW AS ATTORNEY OF RECORD FOR PLAINTIFF MELISSA FADEL

I, Shannon Lukei, declare and state as follows:

1. I am an attorney duly licensed to practice law in the State of California and admitted to practice before this Court, and an attorney in the law firm of Robinson, Calcagnie Robinson Shapiro Davis, Inc., ("RCRSD") counsel of record for Plaintiff in this action.

2. The facts contained herein are within my personal knowledge, and if called upon as a witness I could and would competently testify to the following under oath.

1

3. Since the complaint was filed in this action on or about August 9, 2013, a personality conflict has arisen between Plaintiff and Counsel, making it unreasonably difficult for the firm to continue to represent Plaintiff in this action;

4. Granting the herein motion will not delay trial in the case and would not otherwise be inequitable;

5. Plaintiff was notified in October 2013 of this firm's intention to withdraw as counsel, and encouraged to contact RCRSD for additional information and transfer of the file to new counsel. RCRSD never received a response to said correspondence.

6. Plaintiff was again recently notified of the herein motion for leave to withdraw through correspondence and a copy of this motion, via certified mail, at her last known residential address;

7. The notice to Plaintiff also advised that she should retain other counsel.

8. The notice to Plaintiff also advised that upon entry of the order of withdrawal, the party or new counsel shall file with the Clerk of the Court a supplementary appearance that provides the address at which the party and/or new counsel may receive service of documents related to the case.

9. Minimal discovery has been completed in this case and no trial date has been set. Therefore, withdrawal will not cause any delay in trial, will not adversely affect the client's interests and will not otherwise be inequitable.

10. Should the Court require specificity regarding the nature of the conflict which underlies this motion, I will provide this Court with an affidavit, filed under seal, which provides additional detail with respect to the aforementioned conflict.

Alternatively, I respectfully request that the Court permit an in camera hearing so that I may provide the Court with such additional information as the Court may deem necessary.

11. A copy of this motion has been mailed to Plaintiff via certified mail and Federal Express on January 9, 2014.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct and that this Declaration was executed on this 9th day of January, 2014, at Newport Beach, California.

/s/ Shannon Lukei
Shannon Lukei, Esq.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 9, 2014, Plaintiff, Melissa Fadel, was served with a copy of this **DECLARATION OF SHANNON LUKEI, ESQ. IN SUPPORT OF MOTION FOR LEAVE TO WITHDRAW AS ATTORNEY OF RECORD FOR PLAINTIFF MELISSA FADEL** and notified of all deadlines and pending court appearances by U.S. Mail, U.S. Certified Mail and Federal Express at Plaintiff's last known addresses, which are: 15186 Hobby Way, Nevada City, CA 95959 and 10495 Broken Oak Court, #202, Penn Valley, CA 95946.

ALSO, I HEREBY CERTIFY that on January 9, 2014, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record.

/s/ Shannon Lukei
Shannon Lukei

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE:<br><br>MIRENA IUD PRODUCTS LIABILITY LITIGATION<br><br>*This document relates to:*<br><br>MELISSA FADEL, an individual,<br><br>Plaintiff,<br><br>v.<br><br>BAYER HEALTHCARE PHARMACEUTICALS INC., et al.,<br><br>Defendants. | MDL Docket No. 2434<br>7:13-md-02434-CS-LMS<br><br>Hon. Cathy Seibel<br><br><br><br>CASE NO. 7:13-cv-6164-CS |

### ORDER GRANTING MOTION FOR LEAVE TO WITHDRAW AS ATTORNEY OF RECORD FOR PLAINTIFF MELISSA FADEL

On considering the foregoing Motion to Withdraw as Counsel:

**IT IS HEREBY ORDERED** that the Motion to withdraw as Counsel is GRANTED, and the law firm of Robinson Calcagnie Robinson Shapiro Davis, Inc. may be relieved as counsel for the Plaintiff in the above entitled action.

**IT IS SO ORDERED** this _____ day of _____, 2014.


HON. CATHY SEIBEL
UNITED STATES DISTRICT JUDGE

1