UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
                                                 :           ORDER

In re Mirena Products Liability Litigation,  :

                                                 :           No. 13 MD 2434 (CS)(LMS)
-------------------------------------------------------x

       Before the Court are several discovery disputes. This Order resolves the first two categories of disputes: (1) whether the custodial files of certain employees and former employees of Defendant who are included on Ruane deposition Exhibit 6, and listed on page 10 of Plaintiff's letter by James R. Ronca, Esq., should be produced to Plaintiffs[1]; and (2) whether certain interrogatories should be answered by Defendants in connection with the majority of other names included on Ruane deposition Exhibit 6. The third issue, relating to the question of whether an additional Rule 30(b)(6) deposition of a Medical Affairs Corporate Designee should be authorized, will be decided in a subsequent Order. The fourth issue, a request for additional custodial files pertaining to medical affairs matters, will be stayed pending a decision (and, potentially, a further deposition regarding medical affairs) on the third issue.

       This Order decides no issues that are not addressed herein. Specifically, this Order does not address the question of whether a litigation hold should have been in place by Defendants prior to April, 2007. It also does not address whether Defendants have standing to contest the absence of such a hold.

       This Court having reviewed extensive submissions on the issues described above, with

---

[1] Defendants have voluntarily agreed to produce the custodial files for Sharon Brown and Nancy Konnerth. In addition, at the conference on March 18, 2014, the parties agreed to further discuss the question of production of the custodial file for Resmi John (see transcript pages 48-50). If there remains an issue in connection with Ms. John which requires the Court's attention, counsel may notify the undersigned by letter.

exhibits[2], and having discussed the matter with counsel on February 26, 2014, and having conferenced these issues in detail with counsel on March 18, 2014, hereby Orders as follows:

- Defendants shall produce custodial files for the following employees or former employees, in the same manner in which such custodial files for other employees and former employees have previously been produced, within a reasonable period of time, not to exceed sixty days from the date of this Order; such production is limited to documents relevant to Mirena: Ms. Andrikanich; Ms. Gadhia; Ms. Glavan; Mr. Talian.

- Defendants shall answer interrogatories, specified below, for the following employees and former employees, whose names appear on Ruane Exhibit 6, within a reasonable period of time, not to exceed forty-five days from the date of this Order: June Bray, Tanveer Ahmed, Joseph Sonk, Max Wegner, Joseph Scheeren, Todd Paporello, Suzanne Hampton, Brenda Marczi, Herb O'Brien, Deborah Flint, Deepika Jalota, Joe Marini, Bradley Jones, Julie Lendino, Laura O'Dougherty Cooper, Archana Reddy, Michael Niebo, Paulina Estrada, Rupal Patal.  These persons were inquired about during Ms. Ruane's deposition, and were not identified as having little or no contact with Mirena.

- The answers to interrogatories shall be limited to the period of time when Mirena was on the market in the United States, and the interrogatories are:

    1. For the persons listed above who are alleged to have no

---

[2]The submissions include letters with exhibits submitted on behalf of Plaintiffs (Kekatos letter 2/28/14, Ronca letter 3/7/14, Ronca letter 3/26/14) and on behalf of Defendants (Shepherd letter 2/24/14, Shepherd letter 3/14/14).  Additional submissions were handed to the Court during the March 18 hearing.

      custodial files, identify (a) each position held with Bayer and/or its predecessor(s) in which the person had some responsibility for Mirena, and the dates of such positions; (b) the reason for the absence of any custodial files; and (c) the date or dates when such files were destroyed <u>or</u> when their retention was no longer required.

2. For the persons listed above for whom their duties were either supervisory in a broad sense and such persons were not directly involved with Mirena decision making, or for whom their duties were functional/administrative/clerical only, (a) describe each position held with Bayer and/or its predecessor(s), including the duties which touched upon Mirena, and (b) identify the dates of such positions.

This Order is entered without prejudice to Plaintiffs renewing one or more of these discovery demands, in the event that particular evidence supports such renewed demands.

This constitutes the Decision and Order of the Court.

Dated: April 1, 2014
      White Plains, New York

**SO ORDERED**

_____
Lisa Margaret Smith
United States Magistrate Judge
Southern District of New York