**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------

IN RE:

MIRENA IUD PRODUCTS LIABILITY LITIGATION

13-MD-2434(CS)

*This Document Relates to*

DWAN ALEXANDER

      v.

13-cv-07755-CS

**BAYER HEALTHCARE**
**PHARMACEUTICALS, INC.,**
**BAYER OY,**
**and BAYER PHARMA AG**.
-------------------------------------------------------------------------

## AMENDED COMPLAINT

Pursuant to Orders Nos. 13 and 14 issued by this Court, Plaintiff Dwan Alexander, through undersigned counsel, hereby amends her Complaint for Damages, originally filed in the Eastern District of Louisiana on October 10, 2013 under Civil Action No. 13-cv-06105-MVL-KWR and subsequently transferred to the Southern District of New York and assigned Civil Action No. 13-cv-07755-CS as a constituent action in 13-md-2434, as follows:

1.

Plaintiff Dwan Alexander is a person of majority age residing in, and a citizen of, Marrero, Louisiana.

2.

Defendants herein are:

    A.    Bayer HealthCare Pharmaceuticals, Inc., a corporation organized under the laws of the state of Delaware, with its principal place of business in the State of New Jersey, authorized to and doing business in the State of Louisiana and within the jurisdiction of the Eastern District of Louisiana at all material times;

    B.    Bayer Oy, a foreign business entity with its principal place of business in Finland, doing business in the State of Louisiana and within the jurisdiction of the Eastern District of Louisiana at all material times; and

    C.    Bayer Pharma AG, a foreign business entity with its principal place of business in Germany, doing business in the State of Louisiana and within the jurisdiction of the Eastern District of Louisiana at all material times.

3.

Jurisdiction for the causes of action contained herein against defendants Bayer Healthcare Pharmaceuticals, Inc., Bayer Oy, and Bayer Pharma AG is based upon 28 U.S.C. § 1332, complete diversity of citizenship between the parties and an amount in controversy far exceeding $75,000 exclusive of costs and interest.

4.

At all material times, Bayer HealthCare Pharmaceuticals, Inc. ("BHCP") designed, developed, marketed, distributed, advertised, promoted and/or sold an IUD under the trade name "Mirena".

5.

At all material times, BHCP was qualified to do and doing business in the State of Louisiana and within the jurisdiction of the Eastern District of Louisiana, and this claim arose

therefrom.

6.

BHCP is subject to the personal jurisdiction of the United States District Court for the Eastern District of Louisiana.

7.

At all material times, Bayer Oy designed, developed, researched, manufactured, and tested all Mirena devices sold by BHCP in the United States.

8.

At all material times, Bayer Oy was qualified to do and doing business in the State of Louisiana and within the jurisdiction of the Eastern District of Louisiana, and this claim arose therefrom.

9.

Bayer Oy is subject to the personal jurisdiction of the United States District Court for the Eastern District of Louisiana.

10.

At all material times, Bayer Pharma AG designed, developed, and researched all Mirena devices sold by BHCP in the United States.

11.

At all material times, Bayer Pharma AG was qualified to do and doing business in the State of Louisiana and within the jurisdiction of the Eastern District of Louisiana, and this claim arose therefrom.

12.

Bayer Pharma AG is subject to the personal jurisdiction of the United States District

Court for the Eastern District of Louisiana.

13.

Venue for this action is proper in the United States District Court for the Eastern District of Louisiana.

14.

On or about September 22, 2009, plaintiff had a Mirena IUD implanted at Ochsner Medical Center at 1514 Jefferson Hwy., New Orleans, Louisiana.

15.

In connection with this procedure, plaintiff was charged for and purchased the Mirena IUD.

16.

On October 15, 2009, plaintiff returned to Ochsner for an IUD check and the IUD was noted to be in situ.

17.

On March 28, 2013, plaintiff was seen for pelvic pain, irregular cycle, and abnormal cervical discharge. At that time, the IUD string was unable to be visualized by the physician and an ultrasound was ordered.

18.

On April 2, 2013, an ultrasound was done that showed a "malpositioned IUD with retroverted uterus." This was the date on which plaintiff first discovered said condition.

19.

After unsuccessful attempts on two separate office visits to Jefferson Community Healthcare Center, April 10, 2013 and May 1, 2013, to remove the Mirena IUD in clinic, the

Mirena IUD was surgically removed at the Interim LSU Public Hospital on June 14, 2013.

20.

Plaintiff contends that the migration and embedding of the Mirena IUD caused or contributed to an irregular menstrual cycle, heavy bleeding, blood clots, difficulty in standing, nausea, tenderness and swelling in her abdomen, pelvic pain, severe headaches, tenderness of her breasts, low, mid and upper back pain, blood in her urine, hair loss, ovarian cysts, severe emotional distress, and other medical problems.

## **FOR A FIRST CAUSE OF ACTION**

21.

Plaintiff repeats and incorporates by reference all other paragraphs of the Amended Complaint as if fully set forth herein.

22.

The plaintiff's harm as described herein was caused by the negligence and fault of defendant, pursuant to La. R.S. 9:2800.51, et seq., the Louisiana Products Liability Act, and includes the following:

- a. The product was unreasonably dangerous in construction or composition as provided in R.S. 9:2800.55, which unreasonably dangerous condition existed at the time the product left defendants' control;

- b. The product was unreasonably dangerous in design as provided in R.S. 9:2800.56, which unreasonably dangerous condition either existed at the time the product left defendants' control or resulted from a reasonably anticipated alteration or modification of the product;

- c. The product was unreasonably dangerous because inadequate warning about the product was not provided as provided in R.S. 9:2800.57, which unreasonably dangerous condition either existed at the time the product left defendants' control or resulted from a reasonably anticipated alteration or modification of the product; and/or

      d.      The product was unreasonably dangerous because it did not conform to an expressed warranty of the defendants about the product as provided in R.S. 9:2800.58.

23.

As a result of the occurrence above described, plaintiff has sustained physical pain and suffering, emotional distress, loss of enjoyment of life and lifestyle, loss of wages, medical expenses, temporary and permanent disfigurement and disability, entitling her to compensatory and special damages in an amount reasonable under the circumstances.

**AND FOR A SECOND CAUSE OF ACTION**

24.

Plaintiff repeats and incorporates by reference all other paragraphs of the Amended Complaint as if fully set forth herein.

25.

Plaintiff further contends that the Mirena IUD had redhibitory defects that caused the need for medical treatment and surgery to remove the Mirena IUD and economic losses and expenses associated therewith.

26.

Accordingly, plaintiff seeks damages for her economic losses caused or contributed to by the Mirena IUD pursuant to Louisiana law on redhibition and for reasonable attorney's fees.

27.

Plaintiff hereby requests trial by jury on all claims stated herein.

WHEREFORE, plaintiff, Dwan Alexander, prays for judgment against defendants Bayer Healthcare Pharmaceuticals, Inc., Bayer Oy, and Bayer Pharma AG, and in her favor for compensatory and special damages in an amount that is reasonable and just under the premises,

plus attorneys' fees, all costs and interest as allowed by applicable law, and for a trial by jury on all claims and causes brought herein and to be brought by way of amended and/or supplemental complaint, and for any additional relief that the facts, law and equity may require and permit.

Date: July 27, 2015.

        Respectfully submitted,

        /s/David A. Abramson
        DAVID A. ABRAMSON (LA Bar No. 21435)
        *Admitted Pro Hac Vice in the Southern District of New York*
        BETH E. ABRAMSON (LA Bar No. 27350)
        IAN F. TAYLOR (LA Bar No. 33408)
        Lewis, Kullman, Sterbcow & Abramson
        601 Poydras Street, Suite 2615
        New Orleans, Louisiana 70130
        (504) 588-1500
        (504) 588-1514-fax
        abramson@lksalaw.com
        babramson@lksalaw.com

        and

        Eric M. Ferrouillet (LA Bar No. 5544)
        2640 Barracks Street
        New Orleans, LA 70119
        (504) 827-0494
        (504) 822-5424-fax
        Emf2640@aol.com
        Attorneys for Plaintiff